● ORIGINAL ●

1 | HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB, State Bar No. 65955

FILED

2 | KEVIN R. WARREN, State Bar No. 242238
1055 West Seventh Street, 29th Floor

07 DEC -5 PM 3: 19

3 | Los Angeles, California 90017-2547
Telephone (213) 489-3222

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4 | E-Mail    dgoldfarb@hfdclaw.com
        kwarren@hfdclaw.com

BY:            _____ DEPUTY

5 |

6 | Attorneys for Defendants, THE HUMANE
SOCIETY OF THE UNITED STATES, THE

7 | HUMANE SOCIETY INTERNATIONAL,
WAYNE PACELLE, ANDREW ROWAN,

8 | ROGER KINDLER

FILE BY FAX

**UNITED STATES DISTRICT COURT**

9 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10 |

11 | KARIN ANNE HOAD, an individual, ) CASE NO. '07 **CV   2284** DMS   (NLS)
SCHOOL IN THE CLOUDS ASSISI, a )

12 | California corporation, ASOCIACION ) Action Filed:    November 8, 2007
ESCUELA EN LA NUBES ASIS, a )

13 | Costa Rica asociacion, ASOCIACION )
FUNDO DE NATO ASIS, a Costa Rica ) **NOTICE OF REMOVAL OF CIVIL**

14 | asociacion, ) **ACTION TO UNITED STATES**
) **DISTRICT COURT; DEMAND FOR**

15 |                Plaintiffs, ) **JURY TRIAL**
)

16 | ) **[28 U.S.C. §1446; 28 U.S.C. §1441(b)]**
v. )

17 | )
HUMANE SOCIETY OF THE UNITED )

18 | STATES, a corporation, HUMANE )
SOCIETY INTERNATIONAL, a )

19 | corporation, WAYNE PACELLE, an )
individual, ANDREW ROWAN, an )

20 | individual, ROGER KINDLER, an )
individual, and DOES 1 through 100; )

21 | inclusive, )
)

22 |                Defendants. )
_____ )

23 |

24 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25 |         **PLEASE TAKE NOTICE** that defendants, and each of them, THE

26 | HUMANE SOCIETY OF THE UNITED STATES, THE HUMANE SOCIETY

27 | INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN and ROGER

28 | KINDLER hereby remove the above-entitled civil action from the Superior Court of

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA, 90017-2547
TELEPHONE (213) 489-3222

the State of California for the County of San Diego, to the United States District Court for the Southern District of California, San Diego Division, pursuant to the provisions of 28 U.S.C. §1446, and on the basis of diversity of citizenship pursuant to 28 U.S.C. §1441(b) as follows:

1.    Defendants received notice of the Complaint on or about November 15, 2007.

2.    Plaintiff, Karin Anne Hoad, an individual, is a resident of the County of San Diego, State of California.

3.    Plaintiff, School in the Clouds Assisi, is a California Corporation with its principal place of business in Coronado, California.

4.    Plaintiff, Asociacion Escuela en la Nubes Asis is a Costa Rica Asociacion with its principal place of business in Costa Rica.

5.    Plaintiff, Asociacion Fundo de Nato Asis, is a Costa Rica Asociacion with its principal place of business in Costa Rica.

6.    Defendant The Humane Society of the United States was, at the time of the filing of this action and still is a corporation in the State of Delaware with its principal place of business in the District of Columbia.

7.    Defendant The Humane Society International was, at the time of the filing of this action and still is a corporation in the District of Columbia with its principal place of business in the State of Maryland.

8.    Defendant Wayne Pacelle was, at the time of the filing of this action and still is an individual who resides in the District of Columbia.

9.    Defendant Andrew Rowan was, at the time of the filing of this action and still is an individual who resides in the District of Columbia.

10.    Defendant Roger Kindler was, at the time of the filing of this action and still is an individual who resides in the State of Maryland.

11.    The District Court of the United States, Southern District of California, San Diego Division, has original jurisdiction under 28 U.S.C. § 1332 and the

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  aforesaid action is one that may be removed to this Court by defendant pursuant to

2  28 U.S.C. § 1441.

3      12.    This action is being removed pursuant to 28 U.S.C. § 1332.  The

4  amount in controversy exceeds $75,000.00 because plaintiff seeks monetary

5  damages in the amount of $15,000,000.00, plus additional damages including

6  punitive damages.

7      13.    The grounds for said removal are that there is complete diversity of

8  citizenship between plaintiffs, on the one hand, and all defendants, on the other

9  hand, such that removal is proper pursuant to 28 U.S.C. §1446(b).  None of the

10  defendants is a resident of the State of California.

11      WHEREFORE, defendants, and each of them, file this Notice of Removal of

12  this action from the aforementioned Superior Court, in which it is now pending, to

13  the District Court of the United States for the southern District of California, San

14  Diego Division, located in the United States Courthouse, 880 Front Street, San

15  Diego, California.  There is attached to this Notice, as Exhibit "A," true and correct

16  copies of the Summons & Complaint for the case entitled *Karin Anne Hoad et. al. v.*

17  *Humane Society of the United States, et. al.,* San Diego County Superior Court Case

18  No. 37-2007-00081416-CU-DF-CTL.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

WHEREFORE, defendants, and each of them, pray that this action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, San Diego Division.

DATED: December 5, 2007

HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB
KEVIN R. WARREN

By: _____
KEVIN R. WARREN
Attorneys for Defendants, THE HUMANE
SOCIETY OF THE UNITED STATES, THE
HUMANE SOCIETY INTERNATIONAL,
WAYNE PACELLE, ANDREW ROWAN,
ROGER KINDLER

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

## DEMAND FOR JURY TRIAL

Defendants, THE HUMANE SOCIETY OF THE UNITED STATES, THE HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER demand a jury trial in the above-entitled action on all issues properly triable by a jury.

DATED: December 5, 2007

HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB
KEVIN R. WARREN

By: _____
KEVIN R. WARREN
Attorneys for Defendants, THE HUMANE SOCIETY OF THE UNITED STATES, THE HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**EXHIBIT A**

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL BUSINESS OFFICE 16
CENTRAL DIVISION

07 NOV -8 PM 2: 16

SUPERIOR COURT
SAN DIEGO COUNTY. CA.

**COPY**

**NOTICE TO DEFENDANT:** Humane Society of The
*(AVISO AL DEMANDADO:)* United States (HSUS), a
corporation; Humane Society International,
a corporation; Wayne Pacelle, an individual,
Andrew Rowan, an individual; Roger Kindler,
an individual; and Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Karin Anne Hoad, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)* individual; School
in the Clouds Assisi, a California corporation;
Asociación la Costa Rica asociacion; Asociacion
Fundo de Nato Assis, a Costa Rica asociacion.
Escuela en los Nubes

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER:
*(Número del Caso):* |
|---|---|
| The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 | 37-2007-00081416-CU-DF-CTL |

The name, address, bar #, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Hoad, 816 Green Turf 2 Road, Coronado, CLERK OF THE SUPERIOR COURT
CA. 92118   Bar # G3360

| DATE:   NOV -8 2007
*(Fecha)* | (619) 525-1238 | Clerk, by
*(Secretario)* | D. Johnson | , Deputy
*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL: SUPERIOR COURT SAN DIEGO COUNTY, CA]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

2027785125   T-982   P.008/023   F-603

Robert Hoad, State Bar of California, No.63360
Robert Hoad, A Professional Law Corporation
21 Green Turtle Road
Coronado, California 92118
Telephone: (619) 575-1238
Voice Mail: (619) 575-1238
E-mail: rhoad@earthlink.net

Attorney for Plaintiffs

NOV 16 2007

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO, CENTRAL DIVISION

Karin Anne Hoad, an individual; School in
the Clouds Assisi, a California corporation;
Asociación Escuela en la Nubes Asís, a Costa
Rica asociación; Asociación Fundo de Ñato
Asís, a Costa Rica asociación;

                    Plaintiffs,

vs.

Humane Society of the United States [HSUS],
a corporation; Humane Society International
[HSI], a corporation; Wayne Pacelle, an
individual; Andrew Rowan, an individual;
Roger Kindler, an individual; and DOES 1
through 100, inclusive;

                    Defendants

CASE NO. 37-2007-00081416-CU-DF-CTL

COMPLAINT FOR:

1. Defamation, Cal. Civ. Code §45
2 Defamation, Costa Rica Penal
Code Article 154 of Costa Rica
Penal Code
3. Conspiracy to Defame
4. Temporary and Mandatory
Injunctive Relief to transfer
stolen improved real property

Plaintiffs, Karin Anne Hoad, hereinafter referred to as "KARIN ANNE"; School

in the Clouds, a California Corporation hereinafter referred to as "SCHOOL"; Escuela

in las Nubes Asís, a Costa Rica asociación, hereinafter referred to as "ESCUELA";

Fondo de Ñato Asís, a Costa Rica asociación, hereinafter referred to as "ÑATO"; and

COMPLAINT FOR DAMAGES - DEFAMATION -1-

in some unlawful manner by **Defendants**, and each of them herein.

**PLAINTIFFS, AND EACH OF THEM EXCEPT PLAINTIFF KARIN ANNE:**

5. Plaintiff **SCHOOL**, is an IRC §501[c][3] and California Revenue and Taxation Code §23701[d], not-for-profit, California Corporation, with office in San Diego County, California, established as an "educational organization" by Plaintiff **KARIN**.

6. Plaintiff **ESCUELA**, is a not-for-profit, Costa Rica asociación, established as a educational organization in Costa Rica and Certified by the Ministry of Education in Costa Rica to receive at its facility certificated day classes of Costa Rican children taught by graduate biologists and domestic animal experts at the 270 acre campus built and run by Plaintiff **KARIN** for the last 12 years.

7. Plaintiff **ÑATO**, is a not-for-profit Costa Rica "no kill" asociación, established by Plaintiff **KARIN** to support hands-on rehabilitation for abandoned and injured domestic animals and injured wild animals two animal hospitals for abandoned and wild animals plus school animal care education for the youngsters, in Costa Rica. The rehabilitated domestic animals are place for adoption free every Sunday in Sabana Park, San Jose, Costa Rica's. The rehabilitated wild animals are integrated back into their natural habitat upon completed rehabilitation.

8. Plaintiff **KARIN ANNE**, is an individual, born, raised, and married in Illinois.

9. Plaintiff **KARIN ANNE**, was formally educated at: Valparaiso University, Bachelor of Arts in Political Science; University of Illinois, Bachelor of Arts in Education; Pepperdine University, Masters in Business Education.

10. Plaintiff **KARIN ANNE**, while not a "public figure", has quietly, actively devoted

---

COMPLAINT FOR DAMAGES – DEFAMATION -3-

her life to the voluntary, "no kill", hands on welfare and life saving of animals, domestic and wild, at her personal expense of time and money, and use of her home, since she was 16 years of age.

11. Plaintiff KARIN ANNE, became a new resident and domiciliary of California in 1973, built her present and continuing residence and domicile in San Diego County, California in 1979 and has been and is a resident and domiciliary in the same house at the same address for 28 consecutive years and continuing, and a resident and domiciliary of California for 34 consecutive years and continuing, through the date of this complaint.

12. Plaintiff KARIN ANNE has spent most of her years in California as a volunteer "hands on" animal worker and award winning, long time volunteer president/director, of IRC §501[c][3] charity "Project Wildlife, A Second Chance" of San Diego County, California, a growing, hands on, totally volunteer, injured wildlife in the kitchen sink and the law office, run entirely by donations for medical supplies, services, and food, for the benefit of the health and life of wild animals from the alphabetical spectrum of "A to Z".

13. Further, Plaintiff KARIN ANNE, during her long, volunteer tenure with "Project Wildlife", personally provided a significant portion of her own monies to help build a wild animal "shelter" and rehabilitation center for "Project Wildlife", with strong civic support, at the San Diego County public animal facility.

14. Simultaneously, during the a portion of the same time period, Plaintiff KARIN ANNE, was "hands-on, volunteer and donor, president/director of charity "International Dolphin Project" of San Diego County, which worked directly with the United States

---

COMPLAINT FOR DAMAGES - DEFAMATION -4-

Navy dolphin facilities at Point Loma and "Ric O' Berry", known world-wide as the "Dolphin Sitter", to ease Navy Dophins, who had bravely served their country and time on active Naval duty, back into their natural habitat off the Florida Keys. You may have seen the black painted sidewalk dolphins which still exist at many street corners in downtown San Diego.

15. Simultaneously, during a portion of the same time period, **Plaintiff KARIN ANNE** was one of the voluntary coordinators with the movie producers Donner, of the award winning movie "Free Willie", to stop using San Diego as the funnel for Pacific Dolphins to private parties for economic gain.

16. When **Plaintiff KARIN ANNE** left her voluntary work with "Project Wildlife" to work with Defendant Humane Society of the United States, special ceremonies were held in Balboa Park, where she received an award plaque from the volunteers of "Project Wildlife" for her long term service and dedication to saving wildlife, stating, to wit: "**Project Wildlife, A Second Chance, WILDLIFE AMBASSADOR'S AWARD** presented to . . . KARIN HOAD, In Sincere Appreciation of Increasing Community Awareness of San Diego's Wildlife and its Environment. Presented by PROJECT WILDLIFE."

**DEFENDANTS, AND EACH OF THEM; and "the new regime":**

17. **Plaintiff KARIN ANNE** accepted an offer by Defendant **Humane Society of the United States [HSUS]**, hereinafter referred to as "**[HSUS]**", and Defendant **Humane Society International [HSI]**, hereinafter referred to as **[HSI]** to enter into mutual

---

COMPLAINT FOR DAMAGES - DEFAMATION -5-

agreements, first oral [1993], then reduced to writings essentially as follows, to wit:

Plaintiff KARIN will act as director of a yet to be built "humane and environmental education center" in Costa Rica for as long as she is "able" and land, improvements, buildings, would be purchased from a $400,000.00 plus fund supplied by

Plaintiff KARIN for those purposes;

As further inducement to Plaintiff KARIN ANNE, Defendants [HSUS] orally agreed initially to give $35,000.00 per annum, paid quarterly, "core" operating monies in late 1993 then orally upping it to $50,000. per annum, paid quarterly, in April 1994, later and eventually reducing the inducement to writing, to be applied to "core" funding, i.e. operating expenses, as long as Plaintiff is "able".

18. At the year of inducement, 1993, Plaintiff KARIN had community earned income of of $1,250,000.00.

19. After Plaintiff KARIN ANNE's 12 years commuting to and working in Costa Rica, selflessly and solely building one of the finest animal, nature and educational facilities in the Western Hemisphere, the Defendants HSUS, HSI, PACELLE, ROWAN, DOES 1 through 100, and each of them with malice aforethought, out of the blue, recently, prepared and published in the United States and published in the public record in Costa Rica, the following malicious written attack on Plaintiff KARIN, and thereby inference on her well known projects, Plaintiffs SCHOOL, ESCUELA, ÑATO, and each of them, to wit:

"... Por su parte , in contraposición con los fines originarios del projecto

COMPLAINT FOR DAMAGES - DEFAMATION -6-

and las politicas internas de HSUS, los actores" [. . . Karin Hoad] "han desviado los programas ajustados a dichos propositos, ya que han precedio a la construccion de un alburgue de perros callejeros, los cuales son atendodos por personal del Centro y, ultimo caso, <u>sacrificados</u> . . . ." [emphasis added]

". . . . Esto sin duda alguna, ha alterrado los fines y propositos del Centro y ha propiciado innecesariamente un conflicto de intereses entre las parties, pues no se puede conservar el medio ambiente y mantener un refugio de vida silvestre realizando activities de cuido y <u>sacrificio</u> de animales domesticos . . . ." [emphasis added]

According to the best English/Spanish dictionary in the world, the Spanish word "sacrifio" has the same meaning as the English word "sacrifice". According to the same dictionary, the English word "sacrifice has the same meaning as the Spanish word "sacrificio"; i.e murder equals murder!

In other words, Plaintiff KARIN ANNE . . . you murdered orphaned domestic animals! . . . and, Plaintiff KARIN ANNE, defendants and each of us, are telling the people of the United States and Costa Rica, in writing, so they won't forget, . . . that you murder orphaned domestic animals . . . and, Plaintiff KARIN ANNE, defendants and each of us, are telling the people of the United States and Costa Rica, so they won't send their children or their donations to your nature and animal education schools, Plaintiffs SCHOOL, ESCUELA, ÑATO; . . . that you murder orphaned domestic animals.

20.. Plaintiff KARIN ANNE has tried to understand the position(s) and action(s) of "this new regime" of Defendants HSUS, PACELLE, ROWAN and DOES 1 through 100,

COMPLAINT FOR DAMAGES – DEFAMATION -7-

and their danger to a "free society"; who, among them, recently have attacked: [1] the basic Constitutional rights of arguably the world's largest book seller; [2] the equal and civil rights of one of the star black professional athletes of our time, from a troubled University, and now, [3] a nifty double play, a combo-attack on an [a] old [b] female, idealistic, Plaintiff, **KARIN ANNE**, who in 68 consecutive years of her life has believed and continues to believe in the inalienable right of animals to live and will continue to help them as long as she is "able".

21. Plaintiff **KARIN ANNE**, in 2007 has a present income of approximately $600.00/mo. Social Security and $450.00/mo. from investments; her entire personal income and productive time donated to run Plaintiffs **SCHOOL, ESCUELA, ÑATO.**

22. Defendant [HSUS], publically represents itself as a national organization protecting animals and movie stars where ever they exist nationally, and which in calendar year 2004 had a published worth of, more or less, $125,000,000.00 believed to be closer to $200,000,000.00 in year 2007; an IRC§501[c][3], "**not-for-profit**" corporation, with anywhere from "100 to 300" employees.

23. Defendant [HSI], publically represents itself as a "worldwide" organization protecting animals and movie stars where ever they exist worldwide, whether it be Asia, Australia, Russia, Great Britain, possibly not Iraq; believed to be an IRC §501[c][3], "**not-for-profit**" corporation, with anywhere from 8 to 12 employees funded partially by taxpayer monies [$1,000,000.00] from an organization denominated as "USAID", being used to fund, in part, the defamation of Plaintiffs **KARIN ANNE, SCHOOL, ESCUELA, AND ÑATO** in the United States and Costa Rica.

---

COMPLAINT FOR DAMAGES - DEFAMATION -8-

24. Defendant PACELLE, hereinafter referred to as HSUS PACELLE, formerly congressional lobbyist now publically represents himself as the new President and Chief Executive Officer of HSUS and and ultimate decision maker, and according to one of his top aides he is: "The New Regime."

25. Defendant ROWAN, hereinafter referred to as HSI ROWAN, publically represents himself as Chief Executive Officer of HSI.

26. Defendants, herein, and each of them, misused and abused the court process of the country of Costa Rica in the pending case of Karin Anne Hoad, et al against Humane Society of the United States of America, Case Number: 04-00160-0815-AG, by criminally defaming Plaintiff KARIN ANNE, and by implication Plaintiffs SCHOOL, ESCUELA, ÑATO, by publishing written malicious allegations prepared and published by Defendants and each of them, in the United States and Costa Rica, to the public record in Costa Rica, to wit:

a. that Plaintiff KARIN ANNE and by implication Plaintiff SCHOOL, ESCUELA, ÑATO, "sacrificed" or murdered domestic animals, an administrative law crime in Costa Rica;

b. in an attempt to prejudice the Court, Defendants and each of them lied to the Court that they had a "confidential" document which supported their accusatory allegations of "sacrifice" or murder of domestic animals by Plaintiff KARIN ANNE, and by implication, Plaintiffs SCHOOL, ESCUELA, ÑATO;

c. that the Costa Rica court, by order dated August 15, 2007, correctly rejected said written accusations of Defendants, and each of them, in that, their written accusatory allegations "confidential document" notwithstanding, were not relevant to that which was

COMPLAINT FOR DAMAGES - DEFAMATION -9-

014

at issue in the pending case.

    d. the Costa Rica court, correctly reflected the law of Costa Rica, which does not provide "litigation privilege" for non relevant allegations.

    e. that Defendants, and each of them, knew or should have known, that their written accusatory allegations were not privileged under the law of Costa Rica.

    f. that Defendants, and each of them, knew or should have known, that, by their use, "prosecution" and/or publication of accusatory allegations as they did, in a Court, they accused Plaintiff KARIN ANNE and by implication, Plaintiffs SCHOOL, ESCUELA, ÑATO of an administrative crime, murder of domestic animals, under Costa Rica law, and most states in the United States, a penal crime, over which the Court had no jurisdiction.

    g. that Defendants, and each of them, knew or should have known, that, by their use and/or publication of accusatory allegations as they did, they committed a criminal defamation under Costa Rica law, against Plaintiff KARIN ANNE, and by implication, Plaintiffs SCHOOL., ESCUELA, ÑATO.

27. The Defendants, in so misusing the process in the above-described manner intended to create false evidence to dissuade and influence the court to disfavor Plaintiff KARIN ANNE.

28. At all times mentioned herein, Defendants, and each of them, acted wilfully with the wrongful intention of injuring Plaintiffs, and each of them and for an improper and evil motive amounting to malice in that the afore-referenced tortuous and criminal conduct was intentionally committed by Defendants, and each of them, that was knowingly oppressive, malicious and wanton with the intended purpose to cause harm to Plaintiffs,

COMPLAINT FOR DAMAGES - DEFAMATION-10-

and each of them herein. **Plaintiffs** are thus entitled to recover punitive damages from Defendants, and each of them.

29. Further, **Plaintiffs** are informed and believe that the actions of **Defendants**, herein, and each of them, in doing the things here alleged, were intentional, extreme, outrageous and were done with the intent to cause emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

30. As a direct and proximate result of the actions of **Defendants**, and each of them, Plaintiffs herein have suffered severe and serious injury to their person, all to **Plaintiffs'** damage in a sum within the jurisdiction of this court and to be shown according to proof.

31. As a direct and proximate result of the **Defendants'** conduct, **Plaintiffs**, and each of them, have suffered and continue to suffer substantial economic loss.

32. The conduct of **Defendants**, and each of them, subjected **Plaintiff KARIN ANNE** to cruel and unjust hardship in conscious disregard of **Plaintiff KARIN ANNE's** rights as it was anticipated and expected by **Defendants**, and each of them, that **Plaintiff KARIN ANNE**, would be emotionally distressed and hampered in her ability to function in the usual and ordinary activities of daily living and to perform without emotional distraction the various functions necessary to operate, conduct, manage **Plaintiffs SCHOOL, ESCUELA, ÑATO** operations. Plaintiffs are informed and believe, and thereon allege, that these actions were done with an intent to cause injury to **Plaintiffs**, and each of them. As a consequence of the aforesaid oppressive, malicious and despicable conduct, **Plaintiffs**, and each of them, are entitled to an award of punitive damages in a sum to be shown according to proof.

COMPLAINT FOR DAMAGES - DEFAMATION-11-

33. Between years 2005 and the present, **Defendant Roger Kindler**, hereinafter referred to as **HSUS KINDLER**, an employee, director, and officer, and a self-exclaimed man with a "lot of authority", offered in a writing to **Plaintiff KARIN**, et. al., to gift approximately 170 Costa Rica acres in the name of **Defendant HSUS** to an IRC § 501[c][3], **Plaintiff KARIN**, fulfilled the condition and set up **Plaintiff SCHOOL**, approved by the IRS as an IRC §501[c][3] "educational facility" in San Diego County, California, and notified Defendant HSUS to make the transfer, and **Plaintiff KARIN** is still waiting.

## FIRST CAUSE of ACTION
## DEFAMATION, Cal. Civ Code §45

34. **Plaintiffs**, and each of them herein, hereby incorporate by this reference all of the allegations set forth in Paragraphs 1 through 30, as though fully set forth at length herein.

35. **Defendants** herein, and each of them, at all relevant times herein, falsely and without privilege, published by writing, or other fixed representation to the eye, produced, placed and published in the United States and placed in a public record for publication in Costa Rica, a writing which exposes **Plaintiff KARIN**, a 68 year old woman, **Plaintiff SCHOOL**, **Plaintiff ESCUELA**, **Plaintiff ÑATO**. to hatred, contempt, ridicule, or disgrace and which causes **Plaintiff KARIN**, a 68 year old woman, **Plaintiff SCHOOL**, **Plaintiff ESCUELA**, **Plaintiff ÑATO** and each of them, to be shunned or avoided, and which has a tendency to injure **Plaintiff KARIN**, a 68 year old woman, **Plaintiff SCHOOL**, **Plaintiff ESCUELA**, **Plaintiff ÑATO** and each of them, in their respective occupations or uses.

## SECOND CAUSE of ACTION
## CRIMINAL DEFAMATION, Costa Rica Penal Code, Article 154

36. **Plaintiffs** herein, hereby incorporate by this reference all of the allegations set forth in

COMPLAINT FOR DAMAGES - DEFAMATION -12-

Paragraphs 1 through 32, as though fully set forth at length herein.

37. **Defamation** is a crime in Costa Rica. "Costa Rica Penal Code, Article 154".

38. Defendants herein, and each of them, at all relevant times herein, falsely and without privilege, published by writing,, placed in the public record in Costa Rica, a writing which exposes **Plaintiff KARIN**, a 68 year old woman, **Plaintiff SCHOOL, Plaintiff ESCUELA, Plaintiff ÑATO,** and each of them, to hatred, contempt, ridicule, or disgrace and which causes **Plaintiff KARIN,** a 68 year old woman, **Plaintiff SCHOOL, Plaintiff ESCUELA, Plaintiff ÑATO** Escuela en las Nubes Asís, and each of them, to be shunned or avoided, and which has a tendency to injure **Plaintiff KARIN,** a 68 year old woman, **Plaintiff SCHOOL, Plaintiff ESCUELA, Plaintiff ÑATO,** and each of them, in their respective occupations or uses.

### THIRD CAUSE of ACTION
### CONSPIRACY to DEFAME

39. Defendants, and each of them, conspired at all relevant times herein, falsely and without privilege, published by writing, or other fixed representation to the eye, placed in the public records in Costa Rica, a writing which exposes Plaintiff KARIN, a 68 year old woman, Plaintiff SCHOOL, and Escuela en las Nubes Asís to hatred, contempt, ridicule, or disgrace and which causes Plaintiff KARIN, a 68 year old woman, Plaintiff SCHOOL, Escuela en las Nubes Asís, and each of them, to be shunned or avoided, and which has a tendency to injure Plaintiff KARIN, a 68 year old woman, Plaintiff SCHOOL, Escuela en las Nubes, Asís, and each of them, their respective occupations, or uses.

### FOURTH CAUSE OF ACTION

40. Defendants, and each of them, made an open ended offer to transfer to a Plaintiff

COMPLAINT FOR DAMAGES - DEFAMATION-13-

KARIN's 501[c][3], Plaintiff SCHOOL IN THE CLOUDS ASSISI, 170 improved acres, entitled in the name of Defendant HSUS paid for with Plaintiff KARIN's special fund lodged with Defendant HSUS $150,000.00.

Wherefore Plaintiffs KARIN, SCHOOL, ESCUELA, and ÑATO pray for judgments against the defendants, and each of them as follows:

### FIRST, SECOND, THIRD, FOURTH CAUSE OF ACTION

A. For written apologies;

B. For compensatory damages in an amount in excess of $15,000,000.00 and according to proof;

C. For reimbursement of medical costs;

D.. For exemplary and punitive damages in an amount according to proof;

D. For an award of reasonable attorney's fees, witness fees, and costs incurred; and,

E. All other relief the Court deems just and proper.

Robert Hoad, hereby certifies that this document was produced on 25% post consumer bond paper

Date: November 06, 2007

Robert Hoad
Attorney for Plaintiffs, and each of them

COMPLAINT FOR DAMAGES - DEFAMATION-14-

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
ROBERT HOAD CABAR 63360
21 Green Turtle Road
Coronado, CA 92118
TELEPHONE NO.: (619) 575-1238    FAX NO: none

ATTORNEY FOR *(Name):* KARIN ANNE HOAD, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

CASE NAME:
KARIN ANNE HOAD, et. al. vs. The United States Humane Society of

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE 16
CENTRAL DIVISION

07 NOV -8 PM 2:13

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2007-00061418-CU-DF-CTL  JUDGE:  DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☒ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

**2.** This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☒ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply):*
a. ☒ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☒ punitive

**4.** Number of causes of action *(specify):* Four

**5.** This case ☐ is ☒ is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 8, 2007

Robert Hoad
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6055 | |
| PLAINTIFF(S) / PETITIONER(S):    Karin Anne Hoad et.al. | |
| DEFENDANT(S) / RESPONDENT(S): Humane Society of the United States (HSUS) et.al. | |
| HOAD VS. HUMANE SOCIETY OF THE UNITED STATES (HSUS) | |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00081416-CU-DF-CTL |
| --- | --- |

Judge: Ronald L. Styn                                    Department: C-62

**COMPLAINT/PETITION FILED:** 11/08/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)

021

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

**CASE NUMBER:** 37-2007-00081416-CU-DF-CTL    **CASE TITLE:** Hoad vs. Humane Society of the United States (HSUS)

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

023

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Karin Anne Hoad et.al. |
|---|
| DEFENDANT(S): Humane Society of the United States (HSUS) et.al. |
| SHORT TITLE: HOAD VS. HUMANE SOCIETY OF THE UNITED STATES (HSUS) |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00081416-CU-DF-CTL |
|---|---|

Judge: Ronald L. Styn                                    Department: C-62

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 11/08/2007

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)

STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page 1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On December 5, 2007, I served the foregoing document described as **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT; DEMAND FOR JURY TRIAL** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Robert Hoad, Esq.
Robert Hoad, A Professional Law Corporation
21 Green Turtle Road
Coronado, CA 92118
Tel: (619) 575-1238
Fax: (619) 575-1238
E-mail: rhoad@earthlink.net

BY MAIL AS FOLLOWS:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 5, 2007, at Los Angeles, California.

☒    (Federal)    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

MARTHA M. SUNIGA

F:\CASE\ISUS.3162\SERVICE\POS.wpd

HARRINGTON, FOXX, DUBROW & CANTER, LLP.
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

JS 44
(Rev. 07/89)

# ORIGINAL CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
KARIN ANNE HOAD, an individual, SCHOOL IN THE CLOUDS ASSISI, a California corporation, ASOCIACION ESCUELE EN LA NUBES ASIS, a Costa Rica asociacion, ASOCIACION FUNDO DE NATO ASIS, a Costa Rica asociacion

## DEFENDANTS
HUMANE SOCIETY OF THE UNITED STATES, a corporation, HUMANE SOCIETY INTERNATIONAL, a corporation, WAYNE PACELLE, an individual, ANDREW ROWAN, an individual, ROGER KINDLER, an individual, and DOES 1 through 100, inclusiv

**07 CV 2284 DMS (NLS)**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __SAN DIEGO__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ROBERT HOAD, ESQ., SB NO. 63360
ROBET HOAD, A PROFESSIONAL LAW CORPORATION
21 Green Turtle Road
Coronado, CA 92118
(619) 575-1238

ATTORNEYS (IF KNOWN)
KEVIN W. WARREN, ESQ. SB NO. 242238
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, CA 90017
(213) 489-3222

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
DIVERSITY ACTION UNDER 28 U.S.C. SECTION 1332, STATING CASES OF ACTION FOR DEFAMATION, CRIMINAL DEFAMATION, CONSPIRACY TO DEFAME AND RETURN OF STOLEN REAL PROPERTY.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [X] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 15 MILLION
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____   Docket Number _____

DATE: 12-5-07

SIGNATURE OF ATTORNEY OF RECORD _____

# 145123   12/5/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

# 3350

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145123    — SR
* * C O P Y * *
December 05, 2007
15:25:51**

**Civ Fil Non—Pris**
USAO #.: 07CV2284 CIV. FIL.
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC#043870

**Total—>  $350.00**

FROM: HOAD V. HUMANE SOCIETY OF THE
        U.S., ET AL DOES 1 – 100
        CIVIL FILING