HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB, State Bar No. 65955
KEVIN R. WARREN, State Bar No. 242238
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone: (213) 489-3222
E-Mail: dgoldfarb@hfdclaw.com
          kwarren@hfdclaw.com

Attorneys for HUMANE SOCIETY OF THE
UNITED STATES, HUMANE SOCIETY
INTERNATIONAL, WAYNE PACELLE,
ANDREW ROWAN, ROGER KINDLER

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

KARIN ANNE HOAD, an individual, ) CASE NO. 07CV 2284 DMS (NLS)
SCHOOL IN THE CLOUDS ASSISI, a )
California corporation, ASOCIACION ) Hon. Dana M. Sabraw
ESCUELA EN LA NUBES ASIS, a )
Costa Rica asociacion, ASOCIACION ) Action Filed:      November 8, 2007
FUNDO DE NATO ASIS, a Costa Rica )
asociacion, ) **NOTICE OF MOTION AND MOTION**
) **OF DEFENDANTS' TO DISMISS DUE**
               Plaintiffs, ) **TO:**
)
     v. ) **1. THE COURT'S LACK OF SUBJECT**
) **MATTER JURISDICTION OVER**
HUMANE SOCIETY OF THE UNITED ) **PLAINTIFFS' SECOND AND FOURTH**
STATES, a corporation, HUMANE ) **CAUSES OF ACTION PURSUANT TO**
SOCIETY INTERNATIONAL, a ) **F.R.C.P. 12(b)(1);**
corporation, WAYNE PACELLE, an )
individual, ANDREW ROWAN, an ) **2. PLAINTIFFS' FAILURE TO STATE**
individual, ROGER KINDLER, an ) **CLAIMS FOR ITS FIRST, SECOND,**
individual, and DOES 1 through 100; ) **THIRD AND FOURTH CAUSES OF**
inclusive, ) **ACTION  UPON WHICH RELIEF CAN**
) **BE GRANTED PURSUANT TO F.R.C.P.**
               Defendants. ) **12(b)(6);**
)
_____ )

**And,**

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' FIRST, SECOND, THIRD
AND FOURTH CAUSES OF ACTION
AND PLAINTIFFS' PRAYER FOR
PUNITIVE DAMAGES, PURSUANT TO
F.R.C.P. 12(f)**

Date:      February 15, 2008
Time:      1:30 p.m.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Please take notice that on February 15, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Dana M. Sabraw, located at the United States Courthouse, 880 Front Street, San Diego, California, Defendants, HUMANE SOCIETY OF THE UNITED STATES, HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN and ROGER KINDLER ("moving defendants") will, and hereby do move, for an order dismissing this action on the grounds that:  Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), the Court does not have subject matter jurisdiction over the real property that is the basis of plaintiffs' Fourth Cause of Action and does not have subject matter jurisdiction over plaintiffs' second cause of action to enforce a foreign penal statute;  Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), plaintiffs have failed to state any claim upon which relief can be granted, and;  Pursuant to Federal Rules of Civil Procedure, Rule 12(f), plaintiffs' entire First, Second, Third and Fourth Causes of Action, and plaintiffs' prayer for punitive damages should be stricken for the reasons stated in the accompanying Memorandum of Points and Authorities.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    This motion is based on this Notice of Motion, the attached Memorandum of

2    Points and Authorities, and upon the papers, records and pleadings on file herein, as

3    well as any other information requested by the Court prior to, or at, the hearing of

4    this matter.

5

6    DATED:  January 4, 2008

7                                    HARRINGTON, FOXX, DUBROW & CANTER, LLP
                                     DALE B. GOLDFARB
8                                    KEVIN R. WARREN

9

10                      By:    _____/s/_____
                                     KEVIN R. WARREN
11                                   Attorneys for HUMANE SOCIETY OF THE
                                     UNITED STATES, HUMANE SOCIETY
12                                   INTERNATIONAL, WAYNE PACELLE,
                                     ANDREW ROWAN, ROGER KINDLER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . 1

   I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.    THIS COURT DOES NOT HAVE SUBJECT MATTER
             JURISDICTION OVER PLAINTIFFS' SECOND AND
             FOURTH CAUSES OF ACTION, AND MUST THEREFORE
             DISMISS THEM WITH PREJUDICE . . . . . . . . . . . . . . . . . . . . 1

            1.    BECAUSE THE COURT DOES NOT HAVE SUBJECT
                  MATTER JURISDICTION OVER THE FOREIGN
                  REAL PROPERTY AT ISSUE, PLAINTIFFS' FOURTH
                  CAUSE OF ACTION MUST BE DISMISSED . . . . . . 2

            2.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR
                  CRIMINAL DEFAMATION PURSUANT TO A
                  FOREIGN PENAL CODE IS NOT WITHIN THE
                  SUBJECT MATTER JURISDICTION OF THIS
                  COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    BECAUSE PLAINTIFFS HAVE NOT PLEAD FACTS THAT,
             EVEN IF TAKEN AS TRUE, WOULD ENTITLE THEM TO
             RELIEF FROM THIS COURT, PLAINTIFFS' FIRST,
             SECOND, THIRD AND FOURTH CAUSES OF ACTION
             MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT
                  FACTS TO STATE A CLAIM FOR DEFAMATION
                  UNDER CALIFORNIA CIVIL CODE, SECTION 45 . . 6

            2.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR
                  DEFAMATION IN VIOLATION OF THE COSTA
                  RICAN PENAL CODE IS NOT ACTIONABLE IN THIS
                  FORUM AND MUST BE DISMISSED, WITH
                  PREJUDICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            3.    PLAINTIFFS' THIRD CAUSE OF ACTION ALLEGING
                  CONSPIRACY TO DEFAME BY EMPLOYEES OF A
                  CORPORATION IS UNRECOGNIZED IN THIS
                  FORUM AND MUST BE DISMISSED, WITH
                  PREJUDICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            4.    PLAINTIFFS' FOURTH CAUSE OF ACTION FOR THE
                  RETURN OF STOLEN REAL PROPERTY LOCATED
                IN THE COUNTRY OF COSTA RICA FAILS TO
                STATE A CLAIM FOR WHICH THIS COURT CAN
                PROVIDE A REMEDY AND THEREFORE MUST BE
                DISMISSED, WITH PREJUDICE . . . . . . . . . . . . . . . . 15

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**PAGE(S)**

C.  PLAINTIFFS' COMPLAINT CONTAINS CLAIMS THAT
    ARE IMMATERIAL AND PRAYERS FOR RELIEF FOR
    DAMAGES THAT ARE NOT RECOVERABLE AS A
    MATTER OF LAW, AND AS SUCH, MUST BE STRICKEN
    FROM THE COMPLAINT .......................... 17

    1.  PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES
        MUST BE STRICKEN BECAUSE THE COMPLAINT
        CONTAINS NO ALLEGATIONS OF FACT THAT
        WOULD SUPPORT A CLAIM FOR PUNITIVE
        DAMAGES, AND INDEPENDENTLY, BECAUSE
        PUNITIVE DAMAGES MAY NOT BE IMPOSED
        UPON A CORPORATE ENTITY ABSENT SPECIAL
        CIRCUMSTANCES WHICH ARE NOT ALLEGED OR
        PRESENT IN THIS DISPUTE ................... 18

    2.  PLAINTIFFS' SECOND CAUSE OF ACTION FOR
        CRIMINAL DEFAMATION SHOULD BE STRICKEN
        BECAUSE IT IS NOT WITH THIS COURT'S POWER
        TO ADJUDICATE SUCH A CLAIM, AND AS SUCH,
        IT IS IMMATERIAL TO THE DISPUTE CURRENTLY
        BEFORE THIS COURT ....................... 21

    3.  THE COURT MUST STRIKE PLAINTIFFS' FIRST
        CAUSE OF ACTION FOR DEFAMATION UNDER
        CALIFORNIA CIVIL CODE, SECTION 45, BECAUSE
        THE ALLEGED DEFAMATORY STATEMENT WAS
        MADE IN THE COURSE OF LITIGATION, AN
        ABSOLUTE BAR TO LIABILITY IN CALIFORNIA,
        WHICH MAKES THE CLAIM IMMATERIAL
        .......................................... 22

    4.  THE COURT MUST STRIKE PLAINTIFFS' THIRD
        CAUSE OF ACTION FOR CONSPIRACY TO DEFAME
        BECAUSE ACCORDING TO THE FACTS PLEAD BY
        PLAINTIFFS, THE CLAIM IS A LEGAL
        IMPOSSIBILITY, WHICH MAKES IT
        IMMATERIAL .............................. 22

    5.  THE COURT SHOULD STRIKE PLAINTIFFS'
        FOURTH CAUSE OF ACTION FOR THE RETURN OF
        "STOLEN" FOREIGN REAL PROPERTY BECAUSE
        THE PROPERTY AT ISSUE IS LOCATED OUTSIDE
        THE JURISDICTION OF THIS COURT WHICH
        MAKES THE CLAIM IMMATERIAL ............. 23

III.  CONCLUSION ......................................... 23

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

# TABLE OF AUTHORITIES

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**PAGE(S)**

**CASES**

American Products Co., Inc. v. Law Offices of Geller, Stewart & Foley, LLP, (2005) 134 Cal.App. 4th 1332, 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Balf Co. v. Exxon Corp., (D. Conn. 1988) 682 F.Supp. 735, 736 . . . . . . . . . . . . . . 5

Bank of America Nat. Trust & Sav. Ass'n v. Town of Atherton, (1943) 60 Cal.App. 2d 268, 271-272 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Black v. Bank of America N.T. & S.A., (1995) 30 Cal.App. 4th 1, 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Bureerong v. Uvawas, (C.D. Cal. 1996) 922 F.Supp. 1450, 1479 n. 34 . . . . . 17, 18

California Physicians' Service v. Superior Court, 9 Cal.App. 4th (1992) 1321, 1330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

College Hospital Inc. v. Superior Court, (1994) 8 Cal.4th 704, 726 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Dones v. Eastern Air Lines, Inc. (D.Puerto Rico, 1975) 408 F.Supp. 1044, 1046 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ellenwood v. Marietta Chair Co., (1895) 158 U.S. 105, 107 . . . . . . . . . . . . . . . . 3

Ex parte McCardle, 74 U.S. 506 (1868) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fantasy, Inc. v. Fogerty (9th Cir. 1993) 984 F.2d 1524, 1527 . . . . . . . . . . . . . . 18

Henderson v. Security National Bank, (1977) 72 Cal.App.3d 764, 771-772 . 18, 20

James-Dickinson Farm Mortgage Co. v. Harry, (1927) 273 U.S. 119, 125 . . . . . 12

Lazar v. Trans Union LLC, (C.D. Cal. 2000) 195 F.R.D. 665, 669 . . . . . . . . . . . 18

Microsoft v. A-Tech Corp., (C.D. Cal. 1994) 855 F.Supp. 308, 311 . . . . . 6, 10, 17

Miller v. Municipal Court of City of Los Angeles, (1943) 22 Cal.2d 818, 836-37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Milwaukee County v. White Co., 296 U.S. 268, 270, 56 S.Ct. 229, 230, 80 L.Ed. 220 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co., (1937) 161 Misc. 903, 921, judgment aff'd, 309 U.S. 624 . . . . . . . . . . . . . . . . . . . . . . . 12

Navellier v. Sletten, (2003) 106 Cal.App. 4th 763, 770 . . . . . . . . . . . . . . . . . . . 7

**PAGE(S)**

Nuno v. County of San Bernardino, (C.D. Cal. 1999), 58 F. Supp. 2d 1127, 1131-32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Oppenheimer Gateway Properties Inc. v. National R. R. Passenger Corp. (AMTRAK), (D.C. Mo. 1980) 494 F.Supp. 124, 125 . . . . . . . . . . . . . . . . . . . . . 16

Ringler Associates, Inc. v. Maryland Casualty Co., 80 Cal.App.4th 1165, 1179 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rothman v. Jackson, 49 Cal.App. 4th (1996) 1134, 1140 . . . . . . . . . . . . . . . . . 8

Rubin v. Green, (1993) 4 Cal.4th 1187, 1995 . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rudnick v. McMillan, 25 Cal.App.4th 1183, 1191 (1994) . . . . . . . . . . . . . . . . 11

Sherrill v. McShan, (C.A. Ariz., 1966) 356 F.2d 607, 610 . . . . . . . . . . . . . . . . 3

Silberg v. Anderson, (1990) 50 Cal.3d 205, 212 . . . . . . . . . . . . . . . . . . . . . . 6, 7

Smith v. Maldonado, 72 Cal.App. 4th (1999) 637, 645 . . . . . . . . . . . . . . . . . 8

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) . . . . . . . . . 2

Stevens v. Kobayshi, (1912) 20 Cal.App. 153, 154-55 . . . . . . . . . . . . . . . . . . 9

Tosco Corp. v. Cmtys. for a Better Env't, 236 F. 3d 495, 499 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**CODES**

California Civil Code, Section 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 12, 22

California Civil Code, Section 45a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

California Civil Code, Section 46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Civil Code, Section 47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

California Civil Code, Section 1624 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

California Civil Code, Section 3294 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21

California Civil Code, Section 3294(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Civil Code, Section 3294(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Civil Code, Section 3294(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Civil Code, Section 3294(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Code of Civil Procedure, Section 425.10 . . . . . . . . . . . . . . . . . . . . . 9

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**PAGE(S)**

California <u>Code of Civil Procedure</u>, Section 426(2) . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Federal Rules of Civil Procedure</u>, Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Federal Rules of Civil Procedure</u>, Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . 1, 2, 23

<u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . 16, 23

<u>Federal Rules of Civil Procedure</u>, Rule 12(f)f . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>Federal Rules of Civil Procedure</u>, Rule 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C., Section 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


**MISCELLANEOUS**

Article 154 of Costa Rica Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12, 22

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs filed an action seeking damages for an alleged defamatory statement made by defendants in the course of defending litigation brought by plaintiffs and against these defendants in the country of Costa Rica, and for the return of real property also located in the country of Costa Rica, that was allegedly "stolen." Plaintiffs' suit alleges that United States law applies to some counts and that the Costa Rican Penal Code applies to at least one count.

Plaintiffs filed their Complaint in the Superior Court of California, County of San Diego, on November 8, 2007. Defendants received service of the Complaint on or about November 15th, 2007. Defendants removed the action to the United States District Court for the Southern District of California, on December 5, 2007.

As shown below, plaintiffs have failed to state causes of action for which this Court can grant relief. Moreover, plaintiffs have alleged two causes of action over which this Court lacks subject matter jurisdiction. Furthermore, plaintiffs' Complaint contains claims that, because they cannot be resolved in this Court, are immaterial to the dispute between the parties, as well as a prayer for punitive damages that is not, as a matter of law, recoverable against these defendants, all of which should therefore, be stricken from the Complaint.

## II.    ARGUMENT

### A.    THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' SECOND AND FOURTH CAUSES OF ACTION, AND MUST THEREFORE DISMISS THEM WITH PREJUDICE

Federal Rules of Civil Procedure, Rule 12(b)(1), states,

. . . a party may assert the following defenses by motion:

. . . (1) lack of subject-matter jurisdiction.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    "Whenever it appears by suggestion of the parties or otherwise that the court

2    lacks jurisdiction of the subject matter, the court shall dismiss the action." <u>Federal</u>

3    <u>Rules of Civil Procedure</u>, Rule 12(h)(3).  "When subject matter jurisdiction is

4    challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of

5    proving jurisdiction in order to survive the motion."  <u>Tosco Corp. v. Cmtys. for a</u>

6    <u>Better Env't</u>, 236 F. 3d 495, 499 (9th Cir. 2001). "'Without jurisdiction [a] court

7    cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and

8    when it ceases to exist, the only function remaining to the court is that of

9    announcing the fact and dismissing the cause.'"  <u>Steel Co. v. Citizens for a Better</u>

10   <u>Environment</u>, 523 U.S. 83, 94 (1998) (quoting <u>Ex parte McCardle</u>, 74 U.S. 506

11   (1868)).

12   Furthermore, diversity jurisdiction alone is insufficient to maintain an action

13   if subject matter jurisdiction is lacking.  The court in <u>Dones v. Eastern Air Lines,</u>

14   <u>Inc.</u> (D.Puerto Rico, 1975) 408 F.Supp. 1044, 1046, dealing with this issue, stated,

15   ". . . the fact that diversity jurisdiction exists does not really help plaintiffs since the

16   Court does not have jurisdiction over the subject matter."

17   As shown below, Plaintiffs are asking this Court to quiet the title of property

18   located in a foreign country and enforce a penal statute of a foreign country against

19   the defendants, neither of which is permitted under the laws of the United States or

20   of the State of California.  As such, plaintiffs' Second and Fourth Causes of Action

21   must by dismissed by this Court due to its lack of subject matter jurisdiction over

22   those claims.

23   **1.    BECAUSE THE COURT DOES NOT HAVE**

24   **SUBJECT MATTER JURISDICTION OVER THE**

25   **FOREIGN REAL PROPERTY AT ISSUE,**

26   **PLAINTIFFS' FOURTH CAUSE OF ACTION MUST**

27   **BE DISMISSED**

28

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1   The plaintiffs' Fourth Cause of Action requests, "Temporary and Mandatory

2   Injunctive Relief to transfer stolen improved real property." Plaintiffs state that the

3   property at issue, "is a not-for-profit, Costa Rica asociacion, established as a [sic]

4   educational organization in Costa Rica . . .." (Complaint[1], page 3, paragraph 6.)

5   The Court, in Ellenwood v. Marietta Chair Co., (1895) 158 U.S. 105, 107,

6   stated that, ". . . an action for trespass upon land, like an action to recover the title

7   or the possession of the land itself, is a local action, and can only be brought within

8   the state in which the land lies." The Ninth Circuit has upheld this principle. In

9   Sherrill v. McShan, (C.A. Ariz., 1966) 356 F.2d 607, 610, the Court stated that,

10  "[t]he [state] court had jurisdiction over the subject matter of the controversy only if

11  the land in question was in [that state.] A federal court sitting in a diversity case

12  operates as an adjunct to the state court." (Citations omitted.)

13  Here, the plaintiffs are alleging that the defendants stole the property at issue

14  and that it should be returned to them. In California, as defined by the Court in

15  Bank of America Nat. Trust & Sav. Ass'n v. Town of Atherton, (1943) 60 Cal.App.

16  2d 268, 271-272, this is a claim to quiet title. The Court stated,

17  "'The nature and object of the action to quiet title have

18  been often defined in most comprehensive terms. The

19  statement has been made that it embraces every sort of a

20  claim whereby the plaintiff might be deprived of his

21  property or his title clouded or its value depreciated' . . .

22  and a broader definition is . . . [that] "[t]he statute giving

23  this right of action to the party in possession, does not

24  confine the remedy to the case of an adverse claimant

25  setting up a legal title, or even an equitable title; but the

26  act intended to embrace every description of claim

27

28  [1] Plaintiffs did not file their complaint on line-numbered paper and as such, references are made to page and paragraph numbers.

F:\CASE\HSUS.3162\MTD 3 (12(b)(1) SMJ & 12(b)(6)) no claim.wpd          -3-

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    whereby the plaintiff might be deprived of the property, or

2    its title clouded, or its value depreciated, or whereby the

3    plaintiff might be incommoded or damnified by the

4    assertion of an outstanding title already held or to grow

5    out of the adverse pretension." (Citations omitted.)

6    Clearly, whatever the form of plaintiffs' claim to the Costa Rican land, the

7 claim amounts to a prayer for quieting title in plaintiffs. The law is unambiguous

8 that a California court cannot determine the legal status of a piece of real property

9 located outside the borders of the state. As an enforcer of California law in this

10 dispute, this Court does not have subject matter jurisdiction over the property at

11 issue, an unidentified "170 improved acres"[2] in the country of Costa Rica and must

12 dismiss the claim for that reason.

13    Moreover, plaintiffs are currently prosecuting an identical action in the

14 country of Costa Rica to obtain title to this same piece of real property in, ". . . the

15 pending case of *Karin Anne Hoad, et al against Humane Society of the United*

16 *States of America*, Case Number: 04-00160-0815-AG . . .." (Complaint, page 9,

17 paragraph 26.) As such, permitting this claim to continue in this Court would

18 expose the defendants to the possibility of inconsistent judgments, in violation of

19 their rights to due process.

20    Consequently, because the real property sought by plaintiffs is not within the

21 boundaries of this state or of this country, this Court does not have jurisdiction over

22 this claim and the claim must be dismissed, with prejudice.

23    **2.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR CRIMINAL**

24    **DEFAMATION PURSUANT TO A FOREIGN PENAL CODE IS**

25    **NOT WITHIN THE SUBJECT MATTER JURISDICTION OF**

26    **THIS COURT**

27

28

---

[2] Complaint, pages 13-14, paragraph 40.

1   This Court has jurisdiction over this matter because of the diversity of
2   citizenship of the parties and the amount in controversy.  That jurisdiction is
3   granted, and limited by 28 U.S.C., Section 1332, which states that,

4       (a)  The district courts shall have original jurisdiction of
5       all ***civil actions*** where the matter in controversy exceeds
6       the sum or value of $75,000, exclusive of interest and
7       costs, and is between . . . (1) citizens of different States...
8       (emphasis added.)

9   The Court, in <u>Balf Co. v. Exxon Corp.</u>, (D. Conn. 1988) 682 F.Supp. 735,
10  736, stated,

11      In § 1332 "civil action" is used in contradistinction to
12      actions which are criminal. *See Milwaukee County v.*
13      *White Co., 296 U.S. 268, 270, 56 S.Ct. 229, 230, 80 L.Ed.*
14      *220 (1935).*  Civil actions are those which do not involve
15      criminal prosecution or punishment and are of a character
16      traditionally recognized by courts of common law or
17      equity.

18  Plaintiffs allege that defendants defamed them in violation of "Article 154 of
19  Costa Rica Penal Code."  Clearly, and by the plaintiffs' own admission, this Cause
20  of Action is founded upon a foreign penal law.  As such, the Court does not have
21  jurisdiction over this claim and plaintiffs' Second Cause of Action must be
22  dismissed for lack of subject matter jurisdiction.

23  **B.**    <u>**BECAUSE PLAINTIFFS HAVE NOT PLEAD FACTS THAT, EVEN IF**</u>
24  <u>**TAKEN AS TRUE, WOULD ENTITLE THEM TO RELIEF FROM**</u>
25  <u>**THIS COURT, PLAINTIFFS' FIRST, SECOND, THIRD AND**</u>
26  <u>**FOURTH CAUSES OF ACTION MUST BE DISMISSED**</u>
27  <u>Federal Rules of Civil Procedure</u>, Rule 12(b), provides that:
28

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1      The following defenses may at the option of the pleader

2      be made by motion:. . . (6) failure to state a claim upon

3      which relief can be granted.

4      A court may dismiss a complaint or any claims contained within that

5 complaint for failure to state a claim upon which relief can be granted if it appears

6 beyond a doubt that the plaintiff can prove no set of facts in support of the

7 particular claim that would entitle the plaintiff to relief. Microsoft v. A-Tech Corp.,

8 (C.D. Cal. 1994) 855 F.Supp. 308, 311. In deciding a motion to dismiss, the court

9 must take all allegations of material fact as true and view them in the light most

10 favorable to the non-moving party; however, the court need not accept conclusory

11 allegations or unreasonable inferences at face value. Id.  The purpose of the

12 motion is to test the legal sufficiency of the claim. Nuno v. County of San

13 Bernardino, (C.D. Cal. 1999), 58 F. Supp. 2d 1127, 1131-32. As shown below,

14 none of plaintiffs' four Causes of Action state facts that, even if taken as true,

15 would support claims that could be remedied by this Court. As such, each of them

16 must be dismissed.

17      **1.    PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS**

18      **TO STATE A CLAIM FOR DEFAMATION UNDER**

19      **CALIFORNIA CIVIL CODE, SECTION 45**

20      Plaintiffs' First Cause of Action for defamation in violation of California

21 Civil Code, Section 45, fails because the alleged defamatory statement was made in

22 the course of litigation with the plaintiffs. Consequently, plaintiffs' claim is

23 automatically barred by the litigation privilege as set forth in California Civil Code,

24 Section 47, which states,

25      A privileged publication or broadcast is one made . . . (b)

26      In any . . . (2) judicial proceeding . . .."

27      Application of the litigation privilege is evaluated using a four-factor test

28 found in Silberg v. Anderson, (1990) 50 Cal.3d 205, 212. The Silberg test

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

establishes that the litigation privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. Id. "Any doubt about whether the privilege applies is resolved in favor of applying it." American Products Co., Inc. v. Law Offices of Geller, Stewart & Foley, LLP, (2005) 134 Cal.App. 4th 1332, 1343.

The statement alleged by the plaintiffs was made in judicial pleadings by a litigant, a fact admitted by plaintiffs in their Complaint.[3]  Additionally, the statements were made in a court document in response to a suit brought by plaintiffs in Costa Rica.  That document, and all statements therein, comprise an essential document in the litigation and one necessary to achieve the objects of the litigation, namely to mount a defense against plaintiffs' claims in that suit.  Furthermore, the statements were made in court documents, not outside of the courtroom or in related, non-pleading documents.  See California Physicians' Service v. Superior Court, 9 Cal.App. 4th (1992) 1321, 1330.  "Pleadings and process in a case are generally viewed as privileged communications." Navellier v. Sletten, (2003) 106 Cal.App. 4th 763, 770. Statements made in pleadings are generally viewed as privileged communication precisely because the litigation privilege was intended to grant litigants the "utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions."  Silberg, 50 Cal.3d at 213; Rubin v. Green, (1993) 4 Cal.4th 1187, 1995.

Allowing a statement made in a legal defense, like that in paragraph 19 of plaintiffs' Complaint, to support a libel claim would cause plaintiffs to fear or second guess making the general denials involved at this stage of litigation. A claim such as plaintiffs' is exactly what the litigation privilege is designed to prevent.

---

[3] Complaint, page 9, paragraph 26.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  Because the litigation privilege operates as an absolute bar to liability for libel[4],

2  plaintiff's First Cause of Action, on its face, fails as a matter of law.  As such, the

3  Court is without power to grant relief to plaintiffs for this claim and it must be

4  dismissed.

5       Even assuming, *arguendo*, that the litigation privilege did not apply in this

6  case, plaintiffs' Complaint does not state facts sufficient to allow this Court to grant

7  them relief on that count.  The Complaint alleges that defendants ". . . falsely and

8  without privilege, published by writing, or other fixed representation to the eye,

9  produced, placed and published in the United States and placed in a public record

10  for publication in Costa Rica, a writing which exposes Plaintiff . . . to hatred,

11  contempt, ridicule or disgrace and which causes Plaintiff[s] . . . to be shunned or

12  avoided and which has a tendency to injure Plaintiff[s] . . .."  (Complaint, Page 12,

13  Paragraph 35.)  California Civil Code, Section 45, states:

14            LIBEL, WHAT. Libel is a false and unprivileged

15            publication by writing, printing, picture, effigy, or other

16            fixed representation to the eye, which exposes any person

17            to hatred, contempt, ridicule, or obloquy, or which causes

18            him to be shunned or avoided, or which has a tendency to

19            injure him in his occupation.

20       To assert a cause of action for defamation, plaintiffs must allege an

21  intentionally published statement of fact "that is false, unprivileged, and has natural

22  tendency to injure or which causes special damages."  Smith v. Maldonado,

23  72 Cal.App. 4th (1999) 637, 645; California Civil Code, Sections 45 and 46.

24  Publication requires that the statement must be made to some third person who

25  understands the defamatory meaning of the statement and how it applies to the

26

27

28

---

[4] Rothman v. Jackson, 49 Cal.App. 4th (1996) 1134, 1140

F:\CASE\HSUS.3162\MTD 3 (12(b)(1) SMJ & 12(b)(6)) no claim.wpd      -8-

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1 person being defamed.  Ringler Associates, Inc. v. Maryland Casualty Co., 80

2 Cal.App.4th 1165, 1179 (2000).

3     In their Complaint, plaintiffs have successfully copied the text of the

4 California defamation statute and inserted their names therein, but they have failed

5 to plead anything except conclusory and improper foreign language statements in

6 support of their claim.  First, the alleged defamatory statement is plead in Spanish.

7 California courts have long held that foreign language has no place in the pleadings

8 of this state and that if foreign language is the subject of an allegation that it should

9 be translated with a declaration that the translation is correct.  The Court, in Stevens

10 v. Kobayshi, (1912) 20 Cal.App. 153, 154-55, addressed this situation, stating,

11     'Judicial proceedings shall be conducted and preserved ...

12     in no other than the English language.  (Const., art. IV,

13     sec. 24.)  Subdivision 2 of section 426 of the Code of

14     Civil Procedure requires that a 'complaint must contain ...

15     a statement of the facts constituting the cause of action in

16     ordinary and concise language' . . . '[a]n instrument in a

17     foreign language may be pleaded by using, instead of a

18     copy of the original, a correct translation, alleging it to be

19     such.'[5]

20     Here, plaintiffs have alleged a statement, in Spanish[6], that is not supported by

21 an original document and has not been translated with an appropriate declaration

22 attesting to its accuracy.  Consequently, regardless of its meaning, the Court cannot

23 acknowledge the statement and must dismiss this Cause of Action.

24

25

26     [5] This provision is now codified in Section 425.10 of the California Code of Civil

27 Procedure

28     [6] The majority of the alleged statement is in the Spanish language.  However, the English
words "and," and "parties" appear in the body of the statement.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

Moreover, even if the statement was properly plead, it does not contain the names of any of the plaintiffs within its text.  Instead, the plaintiffs inserted their own text, "[...Karin Hoad]," into the middle of the alleged defamatory statement in an attempt to allege that the statement applied to at least one of the plaintiffs. Because the statement, on its face, mentions none of the plaintiffs and because no independent facts are plead that would tend to indicate that the statement was about Plaintiff Karin Hoad, plaintiffs have set forth nothing more than, in the words of the <u>Microsoft</u> Court, "conclusory allegations" and "unreasonable inferences."  As such, on this ground alone, the Court should dismiss this Cause of Action.

Furthermore, the plaintiffs have misrepresented the meaning of the statement by alleging an improper self-translation in their Complaint.  This is evidenced by plaintiffs' inconsistent definitions of the one word that they allege makes the statement defamatory.  First, they allege that "[a]ccording to the best English/Spanish dictionary in the work, the Spanish word 'sacrificio' has the same meaning as the English word 'sacrifice'.  According to the same dictionary, the English word 'sacrifice' has the same meaning as the Spanish word 'sacrificio'." Immediately thereafter, plaintiffs state, "i.e. murder equals murder! . . . In other words, Plaintiff KARIN ANNE . . . you murdered orphaned domestic animals! . . .."

According to the plaintiffs' own alleged facts, the allegedly defamatory statement is capable of at least two different definitions and inferences.  Nor is any mention given to the context of the statement or its place in the document from which it is allegedly taken.  Additionally, the statement contains five elipses indicating that it is not a true and complete representation of the defendants' alleged communication.  Clearly, plaintiffs' statement, as plead, is a mix-and-match compilation of out-of-context phrases coupled with a subjective translation of one word that plaintiffs have assembled in an attempt to attribute an incorrect statement to the defendants for the purpose of bringing a lawsuit.  Not only have plaintiffs failed to comply with the rules governing foreign language statements, but they

1  have skewed the meaning of the statement via selective inclusion and exclusion of
2  words and phrases and a translation that clearly lacks integrity.

3      Additionally, plaintiffs have failed to state to whom the alleged defamatory
4  statement was made, or whether the person understood the alleged defamatory
5  meaning of the statement. <u>Rudnick v. McMillan</u>, 25 Cal.App.4th 1183, 1191
6  (1994).  Plaintiffs make blanket allegations that the statement was published by
7  defendants "in the United States" and "in Costa Rica."  No fact is plead that any
8  person saw the statement or that they understood that it had anything to do with any
9  of the plaintiffs.  In fact, according to plaintiffs' own facts, none of the plaintiffs'
10  names were contained in the alleged defamatory statement.  Clearly, plaintiffs only
11  support for their claim is a string of conclusory allegations.  Without even minimal
12  factual support, no legally recognizable claim has been made and this Court cannot
13  grant relief to plaintiffs.  As such, on this ground alone, this Cause of Action must
14  be dismissed.

15      Finally, plaintiffs never allege how the statement caused them to suffer
16  damages.  If the alleged libel is not defamatory on its face, California <u>Civil Code</u>,
17  Section 45a, requires that in order to maintain a claim for defamation, a plaintiff
18  must at minimum plead that he has suffered damages in the form of damage to his
19  business, trade or profession as a result of the allegedly defamatory statement.  As
20  demonstrated by plaintiffs' Complaint, and explained above, the statement has at
21  least two possible meanings, making it impossible to state that the statement is
22  defamatory on its face.

23      Regarding the alternative requirement of showing actual damages, a
24  conclusory allegation that the alleged statement, "exposes Plaintiff . . . to hatred,
25  contempt, ridicule or disgrace and which causes Plaintiff[s] . . . to be shunned or
26  avoided . . . and which has a tendency to injure Plaintiff[s] in their respective
27  occupations or uses," does not mention special damages, and cannot support this
28  cause of action.  Without any allegation or fact supporting the suffering of special

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  damages, the plaintiffs have, as a matter of law, suffered no legal wrong under

2  Section 45 of the <u>Civil Code</u>.  Consequently, there is no relief that this Court can

3  grant and the Cause of Action must be dismissed.

4       Clearly, plaintiffs' defamation claim fails on multiple grounds.  Plaintiffs

5  have simply failed to plead facts that could, in any way, entitle them to a remedy

6  under California <u>Civil Code</u>, Section 45.  As such, this Court must dismiss this

7  cause of action as it cannot grant relief to plaintiffs based on the facts alleged in

8  their Complaint.

9

10  **2.    <u>PLAINTIFFS' SECOND CAUSE OF ACTION FOR</u>**

11  **<u>DEFAMATION IN VIOLATION OF THE COSTA RICAN</u>**

12  **<u>PENAL CODE IS NOT ACTIONABLE IN THIS FORUM AND</u>**

13  **<u>MUST BE DISMISSED, WITH PREJUDICE</u>**

14       Plaintiffs' second cause of action alleges defamation in violation of the Costa

15  Rica Penal Code, Article 154.  This foreign claim, however, is disallowed in this

16  country, and is specifically barred in California.  The Court, in <u>Miller v. Municipal</u>

17  <u>Court of City of Los Angeles</u>, (1943) 22 Cal.2d 818, 836-37, stated that,

18       . . . under well-established principles relating to conflict of

19       laws, no action may be maintained upon a right created by

20       the law of a foreign state as a method of furthering its own

21       governmental interests, nor can an action be maintained to

22       recover a penalty, the right to which is given by the law of

23       another state.

24       Furthermore, in <u>James-Dickinson Farm Mortgage Co. v. Harry</u>, (1927) 273

25  U.S. 119, 125, the United States Supreme Court stated,

26       The general rule is that one state will enforce a cause of

27       action arising under the laws of another; that a federal

28       court of any district will enforce a cause of action arising

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

under the law of any state; but that ordinarily the courts of

one government will not enforce the penal laws of

another.

Moreover, the U.S. Supreme Court applied this principle when it affirmed the judgement of a New York Court's decision that, " [t]he courts of New York will not enforce the tax laws or penal laws of another State." <u>Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co.</u>, (1937) 161 Misc. 903, 921, judgment aff'd, 309 U.S. 624.

Plaintiffs' claim cites the specific foreign "penal code" it seeks to enforce against the defendants in California.  Because plaintiffs seek to enforce the penal law of a foreign nation, and because the law of this country and of this state do not allow the enforcement of such a foreign code, they have failed to state a claim upon which this Court can grant relief.  As such, the Court must dismiss plaintiffs' Second Cause of Action, with prejudice.

**3.  <u>PLAINTIFFS' THIRD CAUSE OF ACTION ALLEGING CONSPIRACY TO DEFAME BY EMPLOYEES OF A CORPORATION IS UNRECOGNIZED IN THIS FORUM AND MUST BE DISMISSED, WITH PREJUDICE</u>**

Plaintiffs' third cause of action, "Conspiracy to Defame," is similarly not actionable in California.  Plaintiffs have plead facts which, taken as true, establish that this cause of action, in this dispute, is a legal impossibility.  The Court, in <u>Black v. Bank of America N.T. & S.A.</u>, (1995) 30 Cal.App. 4th 1, 6, stated,

[a] corporation is, of course, a legal fiction that cannot act

at all except through its employees and agents.  When a

corporate employee acts in the course of his or her

employment, on behalf of the corporation, there is no

entity apart from the employee with whom the employee

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1         can conspire.  It is basic in the law of conspiracy that you

2         must have two persons or entities to have a conspiracy.  A

3         corporation cannot conspire with itself any more than a

4         private individual can, and it is the general rule that the

5         acts of the agent are the acts of the corporation.  To hold

6         that a subordinate employee of a corporation can be liable

7         for conspiring with the corporate principal would destroy

8         what has heretofore been the settled rule that a corporation

9         cannot conspire with itself.  (Citations omitted.)

10     In support of their allegations against defendants, Paragraph 3 of plaintiffs'

11  Complaint states,

12        Plaintiffs, and each of them herein, are informed and

13        believe, and upon such information and belief allege, that

14        at all times herein mentioned, Defendants and each of

15        them, were the agents, employees, officers, and directors

16        of each of the remaining Defendants, and in doing the

17        things hereinafter alleged, were acting within the apparent

18        scope of said agency, employment and position, and with

19        the permission and consent of teach of the remaining

20        Defendants.

21     Because all defendants are either employees of the same corporate entity or

22  are the corporate entity, conspiracy is impossible.  Plaintiffs do not dispute the

23  status of the individuals as employees or agents of the defendant corporation.  As

24  such, plaintiffs' Third Cause of Action fails to state a claim upon which this Court

25  can grant relief and the Cause of Action must be dismissed, with prejudice.

26

27

28

**4.** **PLAINTIFFS' FOURTH CAUSE OF ACTION FOR THE**
**RETURN OF STOLEN REAL PROPERTY LOCATED IN THE**
**COUNTRY OF COSTA RICA FAILS TO STATE A CLAIM FOR**
**WHICH THIS COURT CAN PROVIDE A REMEDY AND**
**THEREFORE MUST BE DISMISSED, WITH PREJUDICE**

First and foremost, the subject real property of plaintiffs' Fourth Cause of Action is located in the country of Costa Rica. As explained more fully in point A.1., above, the Court lacks jurisdiction to quiet title of foreign property. Because the alleged stolen property is in Costa Rica, this Court, regardless of what facts are plead by plaintiffs, is powerless to fashion a remedy that would return the alleged "stolen" property to plaintiffs.

Second, Plaintiffs' claims regarding the Costa Rican property are contradictory. They claim that 1) the property was "stolen," 2) there was an oral promise to gift the property, and 3) there was a writing to gift the property. No evidence of title, and no writing evidencing the written promise was attached to the complaint. Nor was any language from the alleged writings set forth in the Complaint. Consequently, the Court, and these moving defendants are left with an irreconcilable claim for relief:  Do the plaintiffs claim that they own the property and that it was stolen from them, or do they claim that the property was never owned by them and that it was promised to them in a legally recognized manner? This inconsistency is fatal to plaintiffs' claim as the factually unsupported and inconsistent allegations do not give rise to a claim upon which any Court can grant relief. The only remaining potential claim is plaintiffs' assertion that there was an oral promise to transfer the land to them.

Oral contracts for the transfer of land, however, are unenforceable. California <u>Civil Code</u>, Section 1624, states,

> (a) The following contracts are invalid, unless they, or
> some note or memorandum thereof, are in writing and

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    subscribed by the party to be charged or by the party's

2    agent: . . . (3) An agreement for the leasing for a longer

3    period than one year, or for the sale of real property, or of

4    an interest therein; such an agreement, if made by an agent

5    of the party sought to be charged, is invalid, unless the

6    authority of the agent is in writing, subscribed by the party

7    sought to be charged.

8    Any oral promise for the transfer of the subject land, whether or not properly

9    plead, is invalid on its face.  Indeed, where a complaint seeks to enforce an

10   agreement that is required to be in writing under the statute of frauds, but alleges

11   that the agreement is oral, the cause may be dismissed.  The Court, in <u>Oppenheimer</u>

12   <u>Gateway Properties Inc. v. National R. R. Passenger Corp. (AMTRAK)</u>, (D.C. Mo.

13   1980) 494 F.Supp. 124, 125, stated,

14   A complaint is subject to dismissal under Rule 12(b)(6) of

15   the <u>Federal Rules of Civil Procedure</u> when its allegations

16   indicate the existence of an affirmative defense such as

17   the statute of frauds . . . Plaintiffs' allegations might be

18   viewed as an oral agreement to agree, or an oral

19   agreement to execute a contract at a later date. However,

20   an oral agreement to execute an agreement that is within

21   the statute of frauds, is itself within the statute and

22   unenforceable.  To hold otherwise would be "tantamount

23   to taking the main contract out of the statute, though the

24   whole transaction is oral . . ." (Citations omitted.)

25

26   Plaintiffs' Complaint alleges that, "Defendants, and each of them, made an

27   open ended offer to transfer to a Plaintiff KARIN's 501[c][3], Plaintiff SCHOOL

28   IN THE CLOUDS ASSISI, 170 improved acres, entitled in the name of Defendant

HSUS . . .."[7]  Clearly, plaintiffs are alleging that an oral promise was made to transfer the land.  As such, this third, and final basis for plaintiffs' claim regarding the real property in Costa Rica, fails because there is no legally recognized cause of action, under the facts set forth by plaintiffs, that would entitle them to relief.

As quoted above, the Microsoft Court stated, "the court must take all allegations of material fact as true and view them in the light most favorable to the non-moving party; however, the court need not accept conclusory allegations or unreasonable inferences at face value."  The past and current status of the Costa Rican real property is contradicted by plaintiffs in their Complaint.  There are no facts which support their claims that the real property was stolen, that there was an oral promise to transfer the property or that there was a written promise to transfer the property.  Plaintiffs allegations consist only of conclusory allegations and inferences that have no basis in fact.  As such, plaintiffs have stated no claim upon which this Court can grant relief and the Fourth Cause of Action must be dismissed.

## C.  PLAINTIFFS' COMPLAINT CONTAINS CLAIMS THAT ARE IMMATERIAL AND PRAYERS FOR RELIEF FOR DAMAGES THAT ARE NOT RECOVERABLE AS A MATTER OF LAW, AND AS SUCH, MUST BE STRICKEN FROM THE COMPLAINT

Federal Rules of Civil Procedure, Rule 12(f)f provides that,

> Upon motion made by a party before responding to a pleading, . . . the court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

A Rule 12(f) motion is proper where a Plaintiff seeks damages that are not recoverable as a matter of law.  Bureerong v. Uvawas, (C.D. Cal. 1996) 922 F.Supp.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

---

[7] Complaint, pages 13-14, paragraph 40.

1  1450, 1479 n. 34.  When ruling on a motion to strike, a court must view the

2  pleading under attack in the light more favorable to the non-moving party.  <u>Lazar v.</u>

3  <u>Trans Union LLC,</u> (C.D. Cal. 2000) 195 F.R.D. 665, 669.

4        The Court in <u>Fantasy, Inc. v. Fogerty</u> (9th Cir. 1993) 984 F.2d 1524, 1527

5  (reversed on other grounds), stated,

6          The function of a 12(f) motion to strike is to avoid the

7          expenditure of time and money that must arise from

8          litigating spurious issues by dispensing with those issues

9          prior to trial.  'Immaterial' matter is that which has no

10         essential or important relationship to the claim for relief or

11         the defenses being pleaded.  (Citations omitted.)

12

13    1.   **PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES MUST BE**

14       **STRICKEN BECAUSE THE COMPLAINT CONTAINS NO**

15       **ALLEGATIONS OF FACT THAT WOULD SUPPORT A CLAIM**

16       **FOR PUNITIVE DAMAGES, AND INDEPENDENTLY,**

17       **BECAUSE PUNITIVE DAMAGES MAY NOT BE IMPOSED**

18       **UPON A CORPORATE ENTITY ABSENT SPECIAL**

19       **CIRCUMSTANCES WHICH ARE NOT ALLEGED OR**

20       **PRESENT IN THIS DISPUTE**

21       Punitive damages are recoverable only when the Plaintiff proves, by clear

22 and convincing evidence, that the defendant has been guilty of "oppression, fraud

23 or malice."  As stated in <u>Henderson v. Security National Bank,</u> (1977) 72

24 Cal.App.3d 764, 771-772,

25         The malice essential to an award of exemplary damages

26         requires an evil motive or intent; it 'denotes ill will on the

27         part of the defendant, or his desire to do harm for the mere

28         satisfaction of doing it.'  Essential to an award of

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1      exemplary damages is a finding that the Plaintiff was

2      subjected to a 'cruel or unjust hardship' by the defendant.

3      And in any case, the evil motive and desire to harm

4      Plaintiff must be attended by 'outrageous conduct' . . . a

5      'tort' committed by mistake or any assertion of a supposed

6      right, or without any wrong intentions, and without such

7      recklessness as it evidences malice or a conscious

8      disregard of the rights of others, does not warrant punitive

9      damages.

10 California <u>Civil Code</u>, Section 3294, provides definitions which indicate the

11 level of intent which must be adequately plead before a claim for punitive damages

12 is allowed. <u>See</u>, Section 3294(c)(1) ("Malice" means conduct intended by the

13 defendant to cause injury to the Plaintiff or despicable conduct that is carried on by

14 the defendant with a will and conscious disregard for the rights or safety of others);

15 <u>See, also</u>, Section 3294(c)(2) ("Oppression" means despicable conduct that subjects

16 a person to cruel and unjust hardship in conscious disregard of that person's rights);

17 <u>See, also</u>, Section 3294(c)(3) ("Fraud" means intentional misrepresentation, deceit

18 or concealment of a material fact with the intention of depriving a person of

19 property or legal rights or other wise causing injury).

20 Here, plaintiffs' Complaint contains conclusory allegations and no supporting

21 facts that any of the named defendants are guilty of malice, oppression or fraud.

22 Plaintiffs' claim that they are entitled to punitive damages because they,

23      . . . misused and abused the court process of the country of

24      Costa Rica in the pending case of *Karin Anne Hoad, et al*

25      *against Humane Society of the United States of America*,

26      Case Number: 04-00160-0815-AG, by criminally

27      defaming Plaintiff . . . by publishing malicious allegations

28

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    . . . that Plaintiff . . . "sacrificed" or murdered domestic

2    animals.  (Complaint, page 9, paragraph 26.)

3    For a number of reasons, plaintiffs' basis for punitive damages is insufficient

4  to support an award of such damages.  First, as quoted above, the <u>Henderson</u> Court

5  specifically disallowed punitive damages for "a 'tort' committed by mistake or any

6  assertion of a supposed right."  The plaintiffs' clearly state that defendants were

7  acting in response to a foreign lawsuit filed by plaintiffs.  Indeed, the defendants

8  were asserting their rights in a legal defense.  For this reason, on its face, plaintiffs'

9  claim for punitive damages is woefully inadequate to qualify defendants' conduct as

10  that which warrants punitive damages, and must be stricken.

11    Additionally, as set out above in Section B.1., plaintiffs do not allege

12  sufficient non-conclusory facts or reasonable inferences to maintain a cause of

13  action for defamation under California law.  Nor are plaintiffs' foreign penal code

14  violation claim or foreign real property title claim valid in this forum as discussed

15  above in Sections B.2. and B.4.  Consequently, none of these Causes of Action

16  could, under any circumstances, warrant the imposition of punitive damages against

17  defendants.

18    Finally, plaintiffs' "conspiracy to defame" claim is a legal impossibility, and

19  as such, cannot warrant punitive damages.  In regard to the corporation itself,

20  California <u>Civil Code</u>, Section 3294, and supporting case law, provide additional

21  pleading and factual requirements concerning punitive damages against a corporate

22  defendant.  Specifically, Section 3294(b) requires allegations that the corporate

23  party's agents or employees committed the wrongful acts with the knowledge and

24  under the express direction, or with the authorization or ratification, of an officer,

25  director or managing agent of the corporate defendant.  "Ratification generally

26  occurs where, under the particular circumstances, the employer demonstrates an

27  intent to adopt or approve oppressive, fraudulent, or malicious behavior by an

28  employee in the performance of his job duties."  <u>College Hospital Inc. v. Superior</u>

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1   Court, (1994) 8 Cal.4th 704, 726. "Corporate ratification in the punitive damages

2   context requires actual knowledge of the conduct and its outrageous nature." Id.

3   Here, there are no allegations or reasonable inferences, whatever, of any act

4   of corporate ratification. Plaintiffs allege only that "[d]efendants, and each of

5   them" committed the conduct that entitles them to punitive damages. In fact,

6   plaintiffs' Costa Rican lawsuit, according to the Complaint, is only against one of

7   the defendants, the Humane Society of the United States (Complaint, page 9,

8   paragraph 26.) No other facts are plead that support plaintiffs' conclusory claims

9   that the corporate defendants committed any act that was itself malicious,

10  oppressive, fraudulent or outrageous, or that any agent of the corporate defendants

11  ratified any conduct of any particular individual. As such, California Civil Code,

12  Section 3294 provides an independent ground to strike plaintiffs' prayer for

13  punitive damages.

14  Finally, plaintiffs pray for an award of punitive damages defendants for every

15  claim asserted in their Complaint (Complaint, page 14, prayer for damages.)

16  Punitive damages are not available for plaintiff's claims of violation of a foreign

17  penal code and quieting title. In that regard, Plaintiff's prayer should be stricken as

18  well. Furthermore, it is clear Plaintiff cannot in good faith amend the Complaint to

19  include factual allegations that would support a claim for punitive damages,

20  therefore, defendants respectfully request that the Court to strike Plaintiff's prayer

21  for punitive damages without leave to amend.

22

23  **2.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR CRIMINAL**

24  **DEFAMATION SHOULD BE STRICKEN BECAUSE IT IS NOT**

25  **WITH THIS COURT'S POWER TO ADJUDICATE SUCH A**

26  **CLAIM, AND AS SUCH, IT IS IMMATERIAL TO THE**

27  **DISPUTE CURRENTLY BEFORE THIS COURT**

28

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

As discussed fully in Section B.2., above, plaintiffs allege that defendants defamed them in violation of "Article 154 of Costa Rica Penal Code." The laws of the United States and of the State of California do not allow the enforcement of a foreign penal law. As such, the Court does not have jurisdiction over this claim and can take no action to adjudicate the claim. Consequently, the entire Cause of Action is immaterial to the dispute currently before the court and it should therefore, be stricken.

3.    **THE COURT MUST STRIKE PLAINTIFFS' FIRST CAUSE OF ACTION FOR DEFAMATION UNDER CALIFORNIA CIVIL CODE, SECTION 45, BECAUSE THE ALLEGED DEFAMATORY STATEMENT WAS MADE IN THE COURSE OF LITIGATION, AN ABSOLUTE BAR TO LIABILITY IN CALIFORNIA, WHICH MAKES THE CLAIM IMMATERIAL**

Plaintiffs' First Cause of Action for defamation in violation of California Civil Code, Section 45, as set forth above, in section B.1., is barred because the alleged defamatory statement was made, according to the plaintiffs' own admission, in the course of litigation filed by the plaintiffs. Consequently, the claim is not actionable in California and as such, is immaterial to the dispute currently before the Court and should be stricken.

4.    **THE COURT MUST STRIKE PLAINTIFFS' THIRD CAUSE OF ACTION FOR CONSPIRACY TO DEFAME BECAUSE ACCORDING TO THE FACTS PLEAD BY PLAINTIFFS, THE CLAIM IS A LEGAL IMPOSSIBILITY, WHICH MAKES IT IMMATERIAL**

Plaintiffs' Third Cause of Action for conspiracy to defame, as set forth above, in section B.3., is immaterial to this lawsuit because the claim is not actionable in California.  As such, the entire claim should be stricken.

5. **THE COURT SHOULD STRIKE PLAINTIFFS' FOURTH CAUSE OF ACTION FOR THE RETURN OF "STOLEN" FOREIGN REAL PROPERTY BECAUSE THE PROPERTY AT ISSUE IS LOCATED OUTSIDE THE JURISDICTION OF THIS COURT WHICH MAKES THE CLAIM IMMATERIAL**

Plaintiffs' Fourth Cause of Action for the return of "stolen" property located in the country of Costa Rica, as set forth above, in section B.1., is immaterial to this lawsuit because the claim is not actionable in California.  As such, the entire claim should be stricken.

### III.    CONCLUSION

For the reasons stated above, the plaintiffs have clearly failed to allege facts that are sufficient to support any of their Causes of Action or their prayer for punitive damages.  Additionally, plaintiffs' Second and Fourth Causes of Action are outside of the jurisdiction of this Court and cannot be resolved in this forum.

Wherefore, defendants respectfully request that the Court dismiss plaintiffs' Second and Fourth Causes of action for lack of subject matter jurisdiction, that the Court dismiss plaintiffs' First, Second, Third and Fourth Causes of Action for failure to state claims upon which relief can be granted.

Alternatively, if the Court does not dismiss any of the claims pursuant to Rules 12(b)(1) or 12(b)(6), defendants respectfully request that the Court strike

/ / /

/ / /

/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

plaintiffs' prayer for punitive and each of the claims as they are, for the reasons

stated above, immaterial to the dispute presently before the Court.

DATED: January 4, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB
KEVIN R. WARREN


By:     _____/s/_____
                    KEVIN R. WARREN
              Attorneys for HUMANE SOCIETY OF THE
              UNITED STATES, HUMANE SOCIETY
              INTERNATIONAL, WAYNE PACELLE,
              ANDREW ROWAN, ROGER KINDLER

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

    On January 4, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION OF DEFENDANTS' TO DISMISS DUE TO: 1. THE COURT'S LACK OF SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' SECOND AND FOURTH CAUSES OF ACTION PURSUANT TO F.R.C.P. 12(b)(1); 2.  PLAINTIFFS' FAILURE TO STATE CLAIMS FOR ITS FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION  UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. 12(b)(6); And, DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION AND PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES, PURSUANT TO F.R.C.P. 12(f)** on all interested parties in this action by electronically filing this document with the Court and also by mailing a paper copy to the following parties who do not appear to be registered with the court's Electronic system to the following parties:

Robert Hoad, Esq.
Robert Hoad, A Professional Law Corporation
21 Green Turtle Road
Coronado, CA 92118
Tel: (619) 575-1238
Fax: (619) 575-1238
E-mail: rhoad@earthlink.net

Attorney for Plaintiff

BY MAIL AS FOLLOWS:

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1 | of the party served, service is presumed invalid if postal cancellation date or

2 | postage meter date is more than one day after date of deposit for mailing in

3 | affidavit.

4

5 |     Executed on January 4, 2008, at Los Angeles, California.

6 | ☒    (Federal)    I declare that I am employed in the office of a member of the bar

7 |               of this  Court at whose direction the service was made.

8

9 |                              /S/ _____

10 |                             MARTHA M. SUNIGA

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222