HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB, State Bar No. 65955
KEVIN R. WARREN, State Bar No. 242238
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone: (213) 489-3222
E-Mail: dgoldfarb@hfdclaw.com
         kwarren@hfdclaw.com

Attorneys for HUMANE SOCIETY OF THE UNITED STATES, HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN ANNE HOAD, an individual, SCHOOL IN THE CLOUDS ASSISI, a California corporation, ASOCIACION ESCUELA EN LA NUBES ASIS, a Costa Rica asociacion, ASOCIACION FUNDO DE NATO ASIS, a Costa Rica asociacion,<br><br>Plaintiffs,<br><br>v.<br><br>HUMANE SOCIETY OF THE UNITED STATES, a corporation, HUMANE SOCIETY INTERNATIONAL, a corporation, WAYNE PACELLE, an individual, ANDREW ROWAN, an individual, ROGER KINDLER, an individual, and DOES 1 through 100; inclusive,<br><br>Defendants. | CASE NO. 07CV 2284 DMS (NLS)<br><br>Hon. Dana M. Sabraw<br><br>Action Filed: November 8, 2007<br><br>**DEFENDANTS PACELLE, ROWAN AND KINDLER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO F.R.C.P. 12(b)(2)**<br><br>[Filed concurrently with the Declaration of Wayne Pacelle, the Declaration of Andrew Rowan, and the Declaration of Roger Kindler]<br><br>Date: February 15, 2008<br>Time: 1:30 p.m. |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Please take notice that on February 15, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Dana M. Sabraw, located at the United States Courthouse, 880 Front Street, San Diego, California, Defendants, WAYNE PACELLE, ANDREW ROWAN and ROGER

KINDLER ("moving defendants") will and hereby do move, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2), for an order dismissing this action on the ground that the court lacks personal jurisdiction over each of them.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities and the Declarations of WAYNE PACELLE, ANDREW ROWAN and ROGER KINDLER filed and served herewith, and upon the papers, records and pleadings on file herein, as well as any other information requested by the Court prior to the hearing of this matter.

DATED: January 4, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB
KEVIN R. WARREN

By: /s/
KEVIN R. WARREN
Attorneys for HUMANE SOCIETY OF THE UNITED STATES, HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER

F:\CASE\HSUS.3162\PLEADINGS\MTD 2 (12(b)(2)).wpd            -2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs filed an action seeking damages for an alleged defamatory statement made by defendants in the course of defending litigation brought by plaintiffs and against these defendants in the country of Costa Rica, and for the return of real property also located in the country of Costa Rica, that was allegedly "stolen." Plaintiffs' suit alleges that United States law applies to some counts and that the Costa Rican Penal Code applies to at least one count.

Plaintiffs filed their Complaint in the Superior Court of California, County of San Diego, on November 8, 2007. Defendants received service of the Complaint on or about November 15th, 2007. Defendants removed the action to the United States District Court for the Southern District of California, on December 5, 2007.

As shown below, none of the moving defendants has any contacts with California, and as such, Constitutional due process prevents the exercise of personal jurisdiction over them. Consequently, Defendants PACELLE, ROWAN and KINDLER should be dismissed from this action.

## II. ARGUMENT

### A. PLAINTIFFS BEAR THE BURDEN OF PROVING PERSONAL JURISDICTION

By filing a motion to dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(2), supported by sworn testimony, a defendant places the sufficiency of the plaintiff's pleading in question, and thus shifts to the plaintiff, the burden of proving facts demonstrating the existence of personal jurisdiction. Rio Properties, Inc. v. Rio Int'l Interlink (9th Cir. 2002) 284 F3d 1007, 1019. In addition, Federal Rules of Civil Procedure, Rule 9(a), states that, "[i]t is not necessary to aver the

capacity of a party to sue or be sued . . . except to the extent required to show the jurisdiction of the court." As discussed fully below, Plaintiffs' Complaint fails to assert any allegation that could serve as the basis for a California court's exercise of personal jurisdiction over these moving defendants. Because the Complaint is devoid of any facts connecting defendants Pacelle, Rowan or Kinder to California, the Court must dismiss them from this suit, with prejudice.

**B. PLAINTIFFS' JURISDICTIONAL CLAIM DOES NOT SATISFY EITHER CALIFORNIA'S LONG ARM STATUTE OR THE REQUIREMENTS OF DUE PROCESS UNDER THE UNITED STATES CONSTITUTION**

The determination of whether the Court can exercise personal jurisdiction over an out-of-forum party is controlled by a two-part inquiry: (1) whether jurisdiction is permitted by the forum state's long-arm statute; and (2) whether jurisdiction is consistent with the out-of-forum defendant's right to Constitutional due process. International Shoe v. Washington, (1945) 326 U.S. 310, 316.

**1. CALIFORNIA'S LONG-ARM STATUTE DOES NOT CONFER PERSONAL JURISDICTION OVER DEFENDANTS**

California Code of Civil Procedure, Section 410.10 states,

> A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

California's long-arm statute clearly extends to the limits of federal due process. Consequently, the court's jurisdictional analysis in this case collapses into a single inquiry of whether the exercise of personal jurisdiction over defendants Pacelle, Rowan and Kindler comports with the Constitutional requirements of due process.

## 2. CONSTITUTIONAL DUE PROCESS PREVENTS PERSONAL JURISDICTION OVER DEFENDANTS PACELLE, ROWAN AND KINDLER

In order for the Court to exercise personal jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co., 326 U.S. at 316. Jurisdiction can be either general or specific.

### a. GENERAL JURISDICTION OVER DEFENDANTS DOES NOT EXIST

Where a defendant's contacts with the forum are unrelated to the controversy, such general jurisdiction over the defendant is constitutional only where the defendant has maintained "substantial" or "continuous and systematic" contacts with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, (1984) 466 U.S. 408, 415-16.

Plaintiffs' Complaint states causes of action for defamation in Costa Rica and the United States, for the return of "stolen improved real property" located in Costa Rica, and for conspiracy to defame in Costa Rica. The only reference to any alleged action by the moving defendants that occurred outside Costa Rica is an allegation that the defendants "published in the United States [the alleged defamatory writing]." However, no mention is made as to which defendant published the alleged statement. No allegation is made that anything was published in California. In fact, all three moving defendants have declared that they did not make any statement, defamatory or otherwise, in California, aimed at California, or in any way related to the plaintiffs. (Declarations of Pacelle, ¶ 12-13, Rowan, ¶ 12-13, Kindler, ¶ 12-13.) Nor is any allegation made in the Complaint that the alleged actions of the moving defendants were in any way related to the plaintiffs' claims.

As such, there is no link between the plaintiffs' claims and any contact of the moving defendants to this forum.

In addition, the moving defendants had absolutely no contact with California in their capacity as individuals. All three moving defendants live in different states, none own property in California, conduct business here, pay taxes here, or meet any of the other traditional benchmarks that establish "minimum contacts" with a forum. (Declarations of Pacelle, Rowan, and Kindler.)

Furthermore, the mere fact that a corporation, in this case, the Humane Society of the United States, is subject to local jurisdiction, does not necessarily mean that its nonresident officers, directors, agents or employees are subject to that same jurisdiction. Calder v. Jones, (1984) 465 U.S. 783, 790; Davis v. Metro Productions Inc., (9th Cir. 1989) 885 F.2d 515, 521. Nor is a nonresident individual subject to personal jurisdiction based solely upon acts in the forum state undertaken in his or her corporate capacity. Club Car, Inc. v. Club Car (Quebec) Import, Inc., (11th Cir. 2004) 362 F.3d 775, 784. Each of the moving defendants are officers of the Humane Society of the United States and it appears that they were named as defendants for no other reason than that they hold those positions. Not only do the moving defendants lack any contact with the forum as individuals, but the only contact they do have, as officers of a non-profit corporation that has some activity in California, cannot serve as a basis for jurisdiction. Consequently, the Court must dismiss defendants Pacelle, Rowan and Kindler from this suit because the Court does not have general personal jurisdiction over them.

      b.    **SPECIFIC JURISDICTION OVER DEFENDANTS DOES NOT EXIST**

Where a defendant's contacts with the forum are more sporadic, the Court may still exercise specific jurisdiction over the defendant if the defendant has purposefully availed itself of the privilege of conducting activity there, "such that

1  he should reasonably anticipate being haled into court there." World-Wide
2  Volkswagon Corp. v. Woodson, (1980) 444 U.S. 286, 297. Such purposeful
3  availment will not be found where the contacts are random, fortuitous, or
4  attenuated, but only if they are "purposefully directed" at the forum state and the
5  injuries claimed arise out of or relate to those contacts. Burger King Corp. v.
6  Rudzewicz, (1985) 471 U.S. 462, 475. If such fortuitous contacts were sufficient,
7  "[e]very seller of chattels would in effect appoint the chattel his agent for service of
8  process. His amenability to suit would travel with the chattel." World-Wide
9  Volkswagon, 444 U.S. at 566. Moreover, as the Supreme Court has held, "[t]he
10 unilateral activity of those who claim some relationship with a nonresident
11 defendant cannot satisfy the requirement of contact with the forum State." Hanson
12 v. Denckla, (1958) 357 U.S. 235, 253.

13    The Ninth Circuit has "established a three-factor test for determining when a
14 state may constitutionally exercise specific jurisdiction over a defendant: (1) the
15 nonresident defendant must do some act or consummate some transaction with the
16 forum state or perform some act by which it purposefully avails itself of the
17 privilege of conducting activities in the forum state, thereby invoking the benefits
18 and protections of its laws; (2) the claim must arise out of or result from the
19 defendant's forum-related activity; and/or (3) the exercise of jurisdiction must be
20 reasonable." Ochoa v. J.B. Martin & Sons Farms, Inc. (9th Cir. 2002) 287 F.3d
21 1182, 1188. In a footnote to prong number 3, the Court noted that the Circuit
22 observes a "flexible approach" and that "[j]urisdiction may be established with a
23 lesser showing of minimum contacts 'if considerations of reasonableness dictate.'"
24 (Citations ommitted.)

25    In this case, however, there are no contacts of any kind. The Plaintiffs'
26 claims arise out of conduct that allegedly occurred in Costa Rica, and in relation to
27 real property located in Costa Rica, and as such, are unrelated to California. As
28 shown above, none of the moving defendants have purposefully directed activities

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  at California and none have availed themselves of the privilege of conducting any
2  activity in California. As such, the claims could not have resulted from forum-
3  related activity.
4      Furthermore, it would be completely unreasonable to expect defendants
5  Pacelle, Rowan and Kindler to defend litigation in California. Clearly, plaintiffs
6  cannot satisfy the "minimum contacts" prong of the due process test, and as such,
7  the Court does not need to evaluate the "fair play and substantial justice" prong.
8  However, assuming, *arguendo*, that the plaintiffs did meet the first prong, they still
9  could not overcome the unreasonableness, under the circumstances, of forcing the
10 moving defendants to litigate in California.
11     Reasonableness is determined by balancing several factors: (1) the burden on
12 the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the
13 plaintiff's interest in obtaining convenient and effective relief; (4) the interstate
14 judicial system's interest in obtaining the most efficient resolution of controversies;
15 and (5) the shared interest of the several States in furthering fundamental
16 substantive social policies. (World-Wide Volkswagon, 444 U.S. at 292.) Here,
17 these factors show that subjecting the moving defendants to person jurisdiction in
18 California would be unfair and unreasonable.
19     First, it would be extremely burdensome for the moving defendants to litigate
20 in California. Each is an individual who lives across the continent in other states.
21 Each, at most, was acting as an employee in the course and scope of his
22 employment. None have the financial resources to travel back and forth across the
23 country to litigate in a distant forum, especially in light of plaintiffs' lack of specific
24 allegations against them.
25     Regarding plaintiffs' interest in trying this case close to home, only two of
26 the four plaintiffs are California residents. The remaining two plaintiffs are foreign
27 corporate entities which are residents of the country of Costa Rica. Additionally,
28 the "home" interest is significantly offset by the overall inconvenience of this

F:\CASE\HSUS.3162\PLEADINGS\MTD 2 (12(b)(2)).wpd     -6-

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

forum. Few, if any, of the witnesses or records related to the alleged defamation and conspiracy claims are located in California, and the real property at issue is in Costa Rica. Additionally, the alleged defamatory statement is in Spanish, not the language of the forum. Consequently, California would not be a convenient forum for the resolution of this dispute.

Finally, any interest this forum has in adjudicating this dispute is minimal since none of the moving defendants' alleged tortious actions took place in, or were directed at, California. In addition, none of the moving defendants have any significant contacts with the forum. Furthermore, one of plaintiffs' claims is an alleged violation of a Costa Rican statute. The only connection this dispute has to California is that two of the four plaintiffs are located here, one as a part-time resident, and that is insufficient to satisfy the due process rights of the moving defendants.

Regarding the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies, the plaintiffs have no ground upon which to stand. Four plaintiffs have brought suit against these moving defendants. Only two are residents of the United States. Four causes of action have been asserted. Of those, only one mentions an act or omission in the United States, and absolutely no facts are alleged to support that claim. Of the remaining three, one deals with the alleged theft of real property located in Costa Rica, one with the alleged violation of the Costa Rica Penal Code, and the other with conspiracy to defame in Costa Rica. Clearly this forum, and even this country, have nothing to gain in the way of efficiency or the furtherance of social policy by forcing the moving defendants to defend this suit in California. Consequently, the Court does not have special jurisdiction over the moving defendants and they must be dismissed from this case.

## III. CONCLUSION

The exercise of personal jurisdiction in this case over defendants Pacelle, Rowan and Kindler does not comport with the Fifth Amendment mandate of due process or notions of fair play and substantial justice. These moving defendants have no measurable contacts with California and the only evidence thus far presented in this case supports the fact that none has directed any activity at California. Nor did any of the alleged acts or omissions in plaintiffs' Complaint take place in California. As a result, this Court should grant the motion by these moving defendants under <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(2) to dismiss plaintiffs' complaint against them for lack of personal jurisdiction.

DATED: January 4, 2008

>HARRINGTON, FOXX, DUBROW & CANTER, LLP
>DALE B. GOLDFARB
>KEVIN R. WARREN
>
>By:         /s/
>     KEVIN R. WARREN
>Attorneys for HUMANE SOCIETY OF THE UNITED STATES, HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER

F:\CASE\HSUS.3162\PLEADINGS\MTD 2 (12(b)(2)).wpd

-8-

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On January 4, 2008, I served the foregoing document described as **DEFENDANTS PACELLE, ROWAN AND KINDLER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO F.R.C.P. 12(b)(2)** on all interested parties in this action by electronically filing this document with the Court and also by mailing a paper copy to the following parties who do not appear to be registered with the court's Electronic system to the following parties:

Robert Hoad, Esq.
Robert Hoad, A Professional Law Corporation
21 Green Turtle Road
Coronado, CA 92118
Tel: (619) 575-1238
Fax: (619) 575-1238
E-mail: rhoad@earthlink.net
Attorney for Plaintiff

BY MAIL AS FOLLOWS:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

/ / /
/ / /
/ / /
/ / /
/ / /

1 postage meter date is more than one day after date of deposit for mailing in
2 affidavit.
3     Executed on January 4, 2008, at Los Angeles, California.
4 ☒   (Federal)   I declare that I am employed in the office of a member of the bar
5           of this Court at whose direction the service was made.

            /S/
            MARTHA M. SUNIGA

F:\CASE\HSUS.3162\PLEADINGS\MTD 2 (12(b)(2)).wpd           -5-