1  Robert Hoad, California State Bar No. 063360
   Robert Hoad, A Professional Law Corporation*
2  21 Green Turtle Road
   Coronado, California 92118
3  Telephone: (619) 575-1238
4  Voice Mail: (619) 575-1238
   Email:rhoad@earthlink.net
5
6  Attorney for Plaintiffs, and each of them

FILED

08 JAN -8 AM 8:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**NUNC PRO TUNC**

JAN -4 2008

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN ANNE HOAD, an individual; SCHOOL IN THE CLOUDS ASSISI, a California Corporation; ASOCIACIÓN ESCUELA EN LAS NUBES ASÍS, a Costa Rica Asociación; ASOCIACIÓN FUNDO DE NATO ASÍS, A Costa Rica asociación; <br><br> Plaintiffs; <br><br> v. <br><br> HUMANE SOCIETY OF THE UNITED STATES, a corporation; HUMANE SOCIETY INTERNATIONAL, a corporation; WAYNE PACELLE, an individual; ANDREW ROWAN, an individual; ROGER KINDLER, an individual; and DOES 1 through 100, inclusive; <br><br> Defendants. | CASE NO. '07 CV 2284 DMS <br><br> Hon. Judge Dana M. Sabraw <br><br> MOTION TO AMEND COMPLAINT TO JOIN OR ADD NAMED DOE DEFENDANTS; <br> MOTION TO AMEND COMPLAINT TO JOIN OR ADD CALIFORNIA CAUSES OF ACTION; <br> MOTION TO REMAND ALL CAUSES OF ACTION; <br> MOTION TO REPORT FALSE FILING OF REMOVAL ACTION <br> MOTION FOR ATTORNEY FEES AND COSTS <br><br> PLAINTIFFS, AND EACH OF THEM DEMAND A TRIAL BY JURY |

Plaintiffs herein, and each of them, respectfully request that this Honorable Court and the

Hon. Dana M. Shabraw remand the present entire case and its relevant removed

1

documents, sua sponte, back to the Superior Court of California and Superior Court judge from whence it came. Notwithstanding that result, plaintiffs herein, and each of them, respectfully offer the following:

**PLAINTIFFS: Karin Anne Hoad**, a lifetime, "hands on" volunteer animal advocate, a resident of San Diego County, California, hereinafter referred to as "**KARIN ANNE**", who established, built and runs, without pay: plaintiffs "**SCHOOL**", located in San Diego County, California; "**ESCUELA**", a school for Costa Rican children and international students, located in Provincia de Heredia, Costa Rica, at 7,000 feet, on the continental divide; and **ÑATO**, a "no kill", wild and domestic animal rehabilitation and placement facility.

**School in the Clouds Assisi**, a California corporation and IRC §501[c][3], not-for-profit "International school" and teaching organization, hereinafter referred to as "**SCHOOL**";

**Escuela en las Nubes Asís**, a Costa Rica, not-for-profit asociación, certified by the Ministry of Education to teach nature, environment and animal welfare, hereinafter referred to as "**ESCUELA**";

**Fondo de Ñato Asís**, a Costa Rica not-for-profit asociación, a "no kill" domestic and wild animal organización certified by the Ministries of the Environment and Animals, hereinafter referred to as "**ÑATO**".

**Defendants:** "**The Humane Society of the United States**", a "$200,000,000.00" corporation, implying by their name and over the internet they are a nationwide, 50 state organization, which they are, which runs every "Humane Society" in the United States which they don't, but they are excellent fund raisers for who knows what they do and

1  what is fact and what is fiction, with $125,000,000.00 in income in 2006,

2  a nationwide, 50 state, IRC §501[c][3], "not for profit" hereinafter referred to as

3  "HSUS"; Humane Society International, a $5,000,000 corporation, "the international

4  arm" of defendant HSUS with offices in Costa Rica, hereinafter referred to as "HSI";

5  Wayne Pacelle, within or without the scope of his employment as "chief officer", CEO

6

7  and president, of defendant HSUS, hereinafter referred to as **"WAYNE"**; Andrew

8  Rowan, within or without the scope of his employment as "chief officer",CEO, of

9  defendant HSI, hereinafter referred to as **ANDREW**; Roger Kindler, within or without

10  the scope of his employment as "in house lawyer, director, advisor", to, and author and

11  editor of defamations in English and Spanish for publication in New York City, New

12

13  York, and Costa Rica, for defendants HSUS, HSI,. WAYNE, ANDREW, DOES 1 TO

14  100; who also offered in writing to transfer clear title to 170 acres of land in Costa Rica to

15  plaintiff SCHOOL **(see exhibit 1 attached hereto and made a part hereof)**,

16  SCHOOL, **an IRC §501[c][3] not-for-profit** accepted, and SCHOOL is still waiting

17  for the transfer; hereinafter referred to as defendant **ROGER**; and DOES 1 through 100,

18

19  hereinafter **named**, as, and when available and appropriate.

20  THE STORY: In late 1992, defendant HSUS, through its then **"chief officer"**, John

21  Hoyt, (now **"President Emeritus"**), its board of directors, and its newly form

22  "international arm" defendant HSI, through its then **"chief officer", Paul Irwin (now**

23  **"President Emeritus"** invited, by USPS mail, and a later personal visit, plaintiff **KARIN**

24

25  ANNE at her San Diego county, California residence, then long time volunteer, officer,

26  President and director of one of Joan Kroc's favorite charities, IRC §501[c][3], "Project

27

28                                            3

Wildlife", to visit their existing "animal pound" in Costa Rica. Plaintiff Karin Anne went!

Upon her return to her San Diego county residence defendants **HSUS** and **HSI** through their "chief officers" and their "in house counsel" defendant **Kindler**, continued to woo Plaintiff **KARIN ANNE** with suggested tax arraignments to develop and manage a joint project with them in Costa Rica..

Plaintiff **KARIN ANNE** "entered into" an oral lifetime agreement in 1993 and 1994, lifetime agreement with Defendants **HSUS**, and **HSI**, through their "chief officers" and "board members" in the living room of her residence in San Diego county, California. The final agreements were later reduced to writings.

Plaintiff **KARIN ANNE**, while maintaining her residence in San Diego county, California went to Costa Rica in 1995 and in the next 12 years and continuing of dedication to fulfilling her contract, despite, frequent and expensive "interruptions" from the outset brought on by defendants **HSUS, HSI, WAYNE, ANDREW, ROGER,** and **DOES 1 to 100**, she built and manages one of the finest 270 acre nature, environmental, animal rehabilitation hospitals and schools in the western hemisphere.

At some unknown recent point of time new "chief officer", defendant **WAYNE**, "the new regime" said to his new side kicks "chief officers" defendants **ANDREW** and **ROGER**, get rid of that "old" "bitch".

Defendants, and each of them, went to work, and the result was and is the malicious, public and ongoing written and oral attack on Plaintiff **KARIN's** reputation in the United States and more intense in Costa Rica. In attacking her thus they destroy the fruits of her lifetime of labor including her magnificent 12 years work in Costa Rica, and Plaintiffs

SCHOOL, ESCUELA, and ÑATO.

In 30 minutes and ongoing Defendants **HSUS, HSI, WAYNE, ANDREW, ROGER, and DOES 1 TO 100** have destroyed 68 years of Plaintiff **KARIN**'s "hands on" ideology of benefits for nature, the environment, and the life of all animals.

Defendants

**MOTION FOR LEAVE TO AMEND COMPLAINT WITH THIRTEEN (13) ADDITIONAL CALIFORNIA AND COSTA RICA NAMED DOE DEFENDANTS**

To satisfy diversity jurisdiction *all* plaintiffs must have citizenship different from that of *all* defendants.

> "... we have consistently interpreted *§ 1332* as requiring complete diversity. In a case with multiple plaintiffs and multiple defendants, the presence of a single defendant deprives the district court of original diversity deprives the district court of original diversity jurisdiction over the entire action, "***Exxon Mobile Corp v. Allapattah Services Inc., 545 U.S. 546, ___, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005); citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).***

Due process permits state courts to exercise personal jurisdiction over nonresidents who have minimum contacts with the forum state.

> "Minimum contacts" means the relationship between the nonresident and the forum state is such that the exercise of jurisdiction over the nonresident does not offend "***traditional notions of fair play and substantial justice.*** *International Shoe Co. v. Washington* (1945) 326 US 310, 316, 66 S.Ct. 154, 158..

California has the broadest kind of "long arm" statute. Local courts are authorized to

5

exercise jurisdiction over parties

>   "*... **on any basis not inconsistent with the constitution of this state or the United States***" [CCP §410.10 (emphasis added)]

This Honorable Court should consider the following when reviewing this motion vis. a vis. the Federal issue of "diversity jurisdiction"

1. John Hoyt, former long time "chief officer" of defendants **HSUS, HSI**, who offered a "lifetime contract" and accepted by Plaintiff **KARIN ANNE** in her living room in San Diego County, California to commute to Costa Rica to establish and manage a nature, environmental, and wild and domestic animal school.

2. Paul Irwin, former long time "chief officer" of defendants **HSUS, HSI** who offered a "lifetime contract" and accepted by Plaintiff **KARIN ANNE** in her living room in San Diego county, California to commute to Costa Rica to establish and manage a nature, environmental, and wild and domestic animal school.

3. "The Hollywood Office" of defendant **HSUS** - an active, policy making, long time California office of the "stars" where "chief officer", defendant **WAYNE** resides most of the time sucking up personal publicity and donations; just down the street from their 250 attorneys' law office; 12% of **HSUS** funding comes from California including $400,000.00 from Plaintiff **KARIN ANNE** to fund the Costa Rica project in 1993.[see **attachment 2 hereto and made a part hereof**].

4. West Coast Regional Office of defendant **HSUS**, an active, long time California operating office which establishes partial agenda for **HSUS** work in California, [see **attachment 3 hereto and made a part hereof**].

5. The Fund for Animals, of defendant **HSUS**; San Diego County, California wildlife

1 | center; defendant **WAYNE's** former employer and now absorbed within defendant **HSUS**

2 | 6. The Wildlife Land Trust of defendant **HSUS**, 926,250 acres, in 33 states, including

3 | large properties in California,.

4 | 7. The Doris Day Animal League (a Hollywood legend) of defendant **HSUS**, a movie stars

5 | California based fund raising organization owned by **HSUS**. Remember 12% of **HSUS**

6 |

7 | funding comes from California including $400,000.00 from Plaintiff **KARIN ANNE** to

8 | fund the Costa Rica project in 1993.

9 | 8. Humane Society of the United States California Branch, Inc.; an outreach to the

10 | California people to keep the money coming.

11 | 9. Daivid Weibers, chairman of the board of directors and long time director of defendant

12 |

13 | **HSUS** and instrumental in originally inducing Plaintiff **KARIN** to go to Costa Rica and

14 | then was instrumental with "new regime"defendants **HSUS, HSI, PACELLE, ROWAN,**

15 | **KINDLER**, DOES 1 to 100, to "get rid of that old bitch".

16 | 10. Thomas Waite, long time chief financial officer, and official funder of defaming

17 | committee of defendants, **HSUS, HSI, PACELLE, ROWAN, KINDLER, DOES 1 to**

18 |

19 | **100.**

20 | 11.Animal Care Expo, San Diego, California, defendant "HSI's premier training

21 | opportunity, with sessions focusing on topics of special interest to foreign participants"

22 | and retail sales of animals products to animal owners in San Diego county, California.

23 | 11. HSI Latin America office of defendant **HSI**, run by defendant **ANDREW** located at:

24 |

25 | Oficentro Casa Alameda 250 mts. Oeste Mall San Pedro Contiguo Café Ruiseñor, San

26 | Pedro Montes de Oca San Jose, COSTA RICA. has been and is instrumental in destroying

27 | plaintiffs, and each of them, and their reputations, in Costa Rica. **(see attachment 4**

28 |

1 | hereto and made a part hereof).

2 | 12. Paulo Donineli Fernández, a Costa Rica publisher of libel and master defamer in the public record; employed by defendants **HSUS, HSI, WAYNE, ANDREW, ROGER, DOES to 100** to destroy the essence and existence of Plaintiffs **KARIN ANNE, SCHOOL, ESCUELA, NATO** before the 800,000 United States citizens visiting, living, or working in Costa Rica and the 4,500,000 Costa Ricans. Defamation is a crime in Costa Rica.

13. **Law firm** of: Harrington, Foxx, Dubrow & Cantor LLP, and each of them individually, Dale B. Goldfarb, Kevin R. Warren, and each of them, just down the street from The Hollywood Office of **their client**, defendant **HSUS**, and defendant **Wayne**, in their Hollywood "home away from home", for withholding the critical facts in their "removal" documents to The Hon. Sup.Ct. Judge Ronald Styn, the clerk of the Superior Court of the State of California for the County of San Diego, the clerk of the Federal Court for the Southern District of California. The Hon. Fed. Ct. Judge Dana Sabraw. and each of them, that they, and their clients had a legitimate basis for removal of a Superior Court "complex case" when all they had to do was to open the curtains on their respective office windows of their respective offices and admire the movie stars walking in and out of defendants **HSUS's** and **Wayne's** Hollywood office and home away from home; or perhaps they didn't know about their clients, defendants, and each of them and their elaborate offices in San Jose, Costa Rica, facilitating the ease in which defendants **HSUS, HSI, WAYNE, ANDREW, ROGER, and DOES 1 to 100** can and did defame a 68 year old, extremely well educated, woman of San Diego County, California, and volunteer worker in Costa Rica, and her projects in Costa Rica; that defamation being a crime in

Costa Rica. The Harrington, Foxx congregation knew or should have known that there was no (not even close to) "complete diversity".

## MOTION TO ADD CALIFORNIA CAUSES OF ACTION AND "RICO"

Plaintiffs, and each of them, hereby move this honorable court to grant this motion to add the following nine (9) California causes of action to the complaint wrongfully removed by Defendants and their attorneys, and each of them, to this United States District Court for the Southern District of California, to wit:

1. Intentional Infliction of Emotional Distress

2. Abuse of Process

3. Gender Discrimination

4. Age Discrimination

5. Fraud and Intentional Deceit, Cal. Civ. Code §1572

6. Intentional Interference with Contract

7. Injunctive relief to stay transfer of real estate title to parties other than plaintiff **SCHOOL**

8. Injunctive relief from through the California Attorney General or necessary authority to temporarily and permanently stay fund raising in California by defendant **HSUS**, et. al

9. Racketeer Influenced and Corrupt Organization "RICO" (amenable to state subject matter jurisdiction).

## MOTION TO REMAND THE ORIGINAL COMPLAINT AS REMOVED OR THE AMENDED COMPLAINT AS HEREIN AMENDED

In their blind quest to establish Federal "complete" diversity jurisdiction under 28 U.S.C.A

9

§1332 over State of California legal issues including California jurisdictional handling of "RICO", in the instant case, the defendants, and each of them, withheld significant jurisdictional facts that would destroy diversity jurisdiction, from their huge "law firm" of attorneys, or god forbid, their huge "law firm" of attorneys has withheld significant jurisdictional facts that would destroy diversity jurisdiction, from this Honorable Court. Its assumed they read the complaint to the state court herein

Relevant to the issue of federal diversity jurisdiction, Defendants, and each of them, and their attorneys, and each of them, at all relevant times herein, knew or know, or should have known that:

> Plaintiff, **KARIN ANNE** is a long time resident of San Diego county, California, and has worked for and with the defendants, and each of them in San Diego county California and in the Country of Costa Rica for years;
>
> Defendants, and each of them, at all relevant times herein had significant "minimum contacts" with California and Costa Rica.
>
> The Harrington, Foxx congregation knew or should have known that there was no (not even close to) "complete diversity" as contemplated in 28 U.S.C.A..§ 1332.and unilaterally, without discussion with attorney for plaintiffs and each of them, wrongfully removed the instant case to the United States District Court for the Southern District of California.

To satisfy diversity jurisdiction *all* plaintiffs must have citizenship different from that of *all* defendants.

> "... we have consistently interpreted *§ 1332* as requiring complete diversity. In a case with multiple plaintiffs and multiple defendants, the presence of a single

10

defendant deprives the district court of original diversity deprives the district court of original diversity jurisdiction over the entire action, *"Exxon Mobile Corp v. Allapattah Services Inc., 545 U.S. 546, ___, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005); citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).*

Due process permits state courts to exercise personal jurisdiction over nonresidents who have minimum contacts with the forum state. "Minimum contacts" means the relationship between the nonresident and the forum state is such that the exercise of jurisdiction over the nonresident does not offend

*"traditional notions of fair play and substantial justice." International Shoe Co. v. Washington* (1945) 326 US 310, 316, 66 S.Ct. 154, 158..

California has the broadest kind of "long arm" statute. Local courts are authorized to exercise jurisdiction over parties

*"... on any basis not inconsistent with the constitution of this state or the United States"* [CCP §410.10 (emphasis added)]

The defendants, and each of them, "minimum contacts" as required by *"International Shoe"* are as follows:

1. John Hoyt, former long time "chief officer" of defendants **HSUS, HSI**, who offered a "lifetime contract" and accepted by Plaintiff **KARIN ANNE** in her living room in San Diego County, California to commute to Costa Rica to establish and manage a nature, environmental, and wild and domestic animal school.

2. Paul Irwin, former long time "chief officer" of defendants **HSUS, HSI** who offered a "lifetime contract" and accepted by Plaintiff **KARIN ANNE** in her living

11

room in San Diego county, California. to commute to Costa Rica to establish and manage a nature, environmental, and wild and domestic animal school.

3. "The Hollywood Office" of defendant **HSUS** - an active, policy making, long time California office of the "stars" where "chief officer", defendant **WAYNE** resides most of the time sucking up personal publicity, personal funds and donations; just down the street from their 250 attorneys' law office; 12% of **HSUS** funding comes from California including $400,000.00 from Plaintiff **KARIN ANNE** to fund the Costa Rica project in 1993.

4. West Coast Regional Office of defendant **HSUS**, an active, long time California operating office which establishes partial agenda for **HSUS** work in California,

5. The Fund for Animals, of defendant **HSUS**; San Diego County, California wildlife center; defendant **WAYNE's** former employer.

6. The Wildlife Land Trust of defendant **HSUS**, 926,250 acres, in 33 states, including large properties in California,.

7. The Doris Day Animal League (a Hollywood legend) of defendant **HSUS**, a movie stars California based fund raising organization owned by defendant **HSUS**. Remember 12% of **HSUS** funding comes from California including $400,000.00 from Plaintiff **KARIN ANNE** to fund the Costa Rica project in 1993.

8. Humane Society of the United States California Branch, Inc.; strictly an outreach to the California people to keep the money coming.

9. HSI Latin America office of defendant **HSI**, run by "chief officer" defendant **ANDREW** located at Oficentro Casa Alameda 250 mts. Oeste Mall San Pedro

Contiguo Café Ruiseñor, San Pedro Montes de Oca San Jose, COSTA RICA. has been and is instrumental in destroying plaintiffs and their reputations, and each of them in Costa Rica.

10. Paulo Donineli Fernández, a Costa Rica publisher of libel in the public records and master defamer; employed by defendants **HSUS, HSI, WAYNE, ANDREW, ROGER, DOES to 100** to destroy the essence of Plaintiffs **KARIN ANNE, SCHOOL, ESCUELA, NATO** before the 4,000,000 Costa Ricans and 800,000 United States citizens visiting, living, or working in Costa Rica

Perhaps this Honorable Court is contemplating remanding back this complaint to "state court" in its entirety, without reliance on the additions moved for in this document and leave the joinders or amendments suggested herein to "complex litigation" as originally requested in the Superior Court actions in the original Complaint, or perhaps, this Honorable Court found the information provided in the present document helpful in evaluating the need for this court remand to the original state court.

## MOTION FOR COURT TO REPORT FALSE CLAIM FOR REMOVAL TO THE UNITED STATES ATTORNEY

The written record in this case before this Honorable Court, including the Complaint filed as "complex litigation" in the San Diego county Superior Court before Judge Ronald Styn, on its face indicates the criminal and civil abuse of this court system, by defendants and each of them, and their attorneys, to obtain illegal ends..

The defendants, and each of them, patently knew, or should have known, before unilaterally transferring this case to this court that there was not "complete" diversity. The huge numbers of lawyers in their law firm, and each of them, or at least one of them

13

1  patently knew, or should have known that there was not "complete diversity"... and yet

2  they all, and each of them, or even one of them apparently believe that the court system is

3  theirs to abuse with impunity and with false claims.

4       Plaintiffs **KARIN ANNE, SCHOOL, ESCUELA, ÑATO** believe, and therefore

5  

6  aver that defendants, and each of them, filed patently false claims with this court, in an

7  attempt to create a false jurisdiction.

8       Plaintiffs **KARIN ANNE, SCHOOL, ESCUELA, ÑATO** believe, and therefore

9  aver that defendants attorneys, and each of them, and even one of them, filed patently false

10  claims with this court, in an attempt to create a false jurisdiction.

11       Plaintiffs **KARIN ANNE, SCHOOL, ESCUELA, ÑATO** believe, and therefore

12  

13  aver that defendants, and each of them, and defendants attorneys, and each of them, and

14  even one of them, conspired to file patently false claims with this court, in an attempt to

15  create a false jurisdiction.

16       Plaintiffs, **KARIN ANNE, SCHOOL, ESCUELA, ÑATO** request this Honorable

17  Court to report this activity to the United States Attorneys office for criminal and/or civil

18  

19  violation(s).

20              **MOTION FOR ATTORNEYS FEES AND COSTS**

21       Should this court Remand this case sua sponte or granting of motion Plaintiffs

22  **KARIN ANNE, SCHOOL, ESCUELA, ÑATO**, and each of them, request that, before

23  relinquishing jurisdiction, it hear and entertain plaintiffs, and each of them, requests for

24  attorneys fees and cost, under Rule 11, or otherwise, as prudently necessary.

25  

26              **DEMAND FOR JURY TRIAL**

27       Plaintiffs, KARIN ANNE, SCHOOL, ESCUELA, NATO demand a jury trial in the

28                              14

above-entitled action on all issues properly tried by a jury.

---

\* Professional Corporation has been "inactive" for some time but is in the process of being reactivated through the appropriate California state agencies.

December 31, 2007

By: Robert Hoad, Attorney at Law

## PROOF OF SERVICE BY MAIL

On Wednesday, January 2, 2008, I served a copy of the above document described on page 1 as: MOTION TO AMEND COMPLAINT TO JOIN OR ADD NAMED DOE DEFENDANTS; MOTION TO AMEND COMPLAINT TO JOIN OR ADD CALIFORNIA CAUSES OF ACTION; MOTION TO REMAND ALL CAUSES OF ACTION; MOTION FOR COURT TO REPORT FALSE CLAIM; MOTION FOR ATTORNEY FEES AND COSTS; DEMAND FOR JURY TRIAL; all in the United Stares District Court for the Southern District of California on all interested parties in this action by placing a true copy thereof enclosed in

a sealed envelope addressed as follows:

Harrington, Foxx, Dubrow & Canter, LLP,
Dale B.Goldfarb,
Kevin R. Warren,
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone: (213) 489-3222

by personally placing the sealed envelope in the USPS at Coronado, California 92118

Executed on January 2, 2008 at Coronado, California by: Robert Hoad, Attorney

x Robert Hoad

Hoad, et al v Humane Society, et al.; Case No. '07 cv 2284 DMS
Attachment ① to Plaintiffs Motion to Amend, et al

Web Mail Printable Message

**From:** Roger Kindler <RKindler@hsus.org>
**To:** rhoad@earthlink.net
**Cc:** Wayne Pacelle <WPacelle@hsus.org>, Andrew Rowan <ARowan@hsus.org>
**Subject:** Quarterly payment, disengagement, and related subjects
**Date:** Oct 6, 2005 1:39 PM

Dear Bob and Karin:

The Accounting Department will be wiring the $12,500. quarterly payment as soon as possible.

As with everything else, hurricane-related work has set my work on disengagement several weeks behind schedule. I can report that HSUS has engaged Paulo A. Doninelli of Doninelli & Doninelli in San Jose to advise it on the myriad of legal issues under Costa Rican law that will undoubtedly arise as the transaction is planned.

At this point, The HSUS is provisionally considering two principal disengagement approaches: the first would involve transferring The HSUS's Interests to another charitable corporation, an idea that Andrew Rowan generally raised last December. The second approach would involve selling The HSUS's Interests to you at fair market value, which is the applicable legal standard under the (U.S.) Treasury Regulations. These are obviously broad conceptions either of which will require a great deal of groundwork to consider. If you have any particular thoughts at this time, please let me know.

Paulo Doninelli and I will most likely have to visit the property before year's end, or shortly thereafter, although the rest of October is not going to be feasible in terms of my schedule. If there are any times that would be preferable from your point of view, please advise.

Sincerely,

Roger A. Kindler
General Counsel & Chief Legal Officer

*Hood, et. al. v Humane Society, et. al.; Case No. 07 cv2284 DMS Attachment ③ to plaintiffs Motion to Remand, et. al.*



# THE HUMANE SOCIETY
### OF THE UNITED STATES

Pets    Wildlife    Farm Animals    Animals in Research    Horses

search

HSUS >> About Us >> Offices and Affiliates >> Regional and State Offices >> West Coast Regional Office

**About Us**
**Donate**
**Campaigns & Programs**
**Legislation**
**Legal Action**
**Disaster Services**
**International**
**Wayne's Blog**
**Press Room**
**Animal Channel**
**Events**
**Shop**

## West Coast Regional Office ✓

The West Coast Regional Office (WCRO) of The Humane Society of the United States, located in Sacramento, Calif., is on the front lines of animal protection issues throughout five states: California, Hawaii, Nevada, Oregon, and Washington.

In addition to providing regular assistance to local law enforcement, animal services agencies, and prosecutors in animal cruelty cases, WCRO staff also provide training for those who investigate and prosecute such matters. While WCRO staff members are trained to assess and respond to various emergency situations affecting animals, they also play an important role in planning for animals in disasters by serving on several emergency planning and advisory committees at the state and local levels—including the Advisory Committee on the California Animal Response in Emergencies System, Emergency Network Los Angeles, and the California Veterinary Medical Association's Disaster Preparedness Committee.

What's more, WCRO staff members are active in local and state legislation, and they work to improve the quality of local animal care and control programs through shelter visits and by providing guidance and resources to animal sheltering and control staff, concerned citizens, and government and elected officials. In addition to a legislative update, the *WCRO Regional News* keeps the public apprised of issues affecting animals across the five-state region.

Contact us at:

The Humane Society of the United States ✓
West Coast Regional Office
5301 Madison Ave.
Suite 202
Mailing address:
P.O. Box 417220
Sacramento, CA 95841-7220 ✓
916-344-1710
Fax: 916-344-1808

**Join Our Online Community**
Receive action alerts, tips, news and special offers via e-mail.

First Name
Last Name
Your Email here
Zip Code    JOIN



The Humane Society
of the
United States
2100 L Street, NW
Washington, DC 20037
202-452-1100

E-MAIL THIS PAGE    PRINTER FRIENDLY

Browse Past Stories
Dogs Can Read! A Lost Dog Finds Help in Sacramento

*Hoad, et al., v Humane Society, et. al.; Case No. '07 CV2284 DMS Attachment ② to plaintiffs Motion to Remand, et al*



### THE HUMANE SOCIETY
#### OF THE UNITED STATES

Pets    Wildlife    Farm Animals    Animals in Research    Horses

 search

**About Us**
**Donate**
**Campaigns & Programs**
**Legislation**
**Legal Action**
**Disaster Services**
**International**
**Wayne's Blog**
**Press Room**
**Animal Channel**
**Events**
**Shop**

**Join Our Online Community**
Receive action alerts, tips, news and special offers via e-mail.

— First Name
— Last Name
— Your Email here
— Zip Code    JOIN



The Humane Society
of the
United States
2100 L Street, NW
Washington, DC 20037
202-452-1100

HSUS >> About Us >> Offices and Affiliates >> HSUS Hollywood Office

## The Hollywood Office of The HSUS

The Hollywood Office of The Humane Society of the United States is singularly devoted to raising public awareness of animal issues by encouraging and honoring the major news and entertainment media. We believe the media can and does make a difference. Not only does it inform, provoke and compel individuals to think differently about a whole range of social issues, but it can also help advance legislative change. Through our interaction with writers, producers, reporters and compassionate celebrities, via two interrelated programs, the annual Genesis Awards and Animal Content in Entertainment, we strive to activate the awesome power of the news and entertainment industries to influence public opinion and promote positive behavior that will ultimately lead to a more humane and animal conscious society.



Save the Date! The next Genesis Awards will take place on March 29, 2008 at the Beverly Hilton in Beverly Hills, Calif.

### Inside Humane Hollywood

Hollywood insiders recently turned out in support of The Humane Society of the United States at an exclusive party given in our honor by manager Keith Addis and his wife, producer Keri Selig. Attracting a select group of industry heavyweights and celebrities, including Rosanna Arquette, Nicky Hilton, Carol Leifer, Kyle MacLachlan, Maria Menounos, Wolfgang Puck, Gary Shandling, Alicia Silverstone, Darren Star and Constance Zimmer, the evening saw the debut of the searing Russell Simmons anti-dogfighting PSA, providing HSUS President and CEO Wayne Pacelle with the ideal forum to speak about the value of celebrity and entertainment media support to the animal protection cause.

### One to Watch

Hailed as "a comedy that will change everything you thought you knew about bees," "Bee Movie" delivers on that promise and more. Written and produced

HSI Offices and Staff | The Humane Society of the United States

Página 1 de 4

*Hoad et al. v Humane Society, et al.; Case No. '07 cv 2284 DMS (2 pgs.) Attachment (F) to plaintiffs' Motion to Amend, et al*

# THE HUMANE SOCIETY
OF THE UNITED STATES

[search]

| Pets | Wildlife | Farm Animals | Animals in Research |
| Horses | | | |

HSUS >> About Us >> Humane Society International (HSI)

## HSI Offices and Staff

Humane Society International is based in Washington, D.C. and has offices in Asia, Australia, Europe and Costa Rica. ✓

**HSI Headquarters**
Andrew Rowan, Chief Executive Officer ✓
Patricia Forkan, President
Kitty Block, Vice President
Marta Prado, Executive Director, International Trade and Development
Julie Dunn, Executive Assistant to the CEO
Dawn Leo, Executive Assistant to the President

*Campaigns:*
Susan Prolman, Director
Chetana Mirle, Outreach Manager

*Communications:*
Kristin Hegazy, Web Editor
Heather Tallent, Online Communications Manager

*Policy:*
Teresa Telecky, Director
Rebecca Regnery, Deputy Director
Naomi Rose, Marine Mammal Scientist
Natalie Ragan, Research Assistant

- About Us
- Donate
- Campaigns & Programs
- Legislation
- Legal Action
- Disaster Services
- International
- Wayne's Blog
- Press Room
- Animal Channel
- Events
- Shop

**join our online community**
Receive action alerts, tips, news and special offers via e-mail.

First Name
Last Name
Your Email here
Zip Code
[JOIN]

