HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB, State Bar No. 65955
KEVIN R. WARREN, State Bar No. 242238
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone: (213) 489-3222
E-Mail: dgoldfarb@hfdclaw.com
kwarren@hfdclaw.com

Attorneys for HUMANE SOCIETY OF THE UNITED STATES, HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

KARIN ANNE HOAD, an individual, SCHOOL IN THE CLOUDS ASSISI, a California corporation, ASOCIACION ESCUELA EN LA NUBES ASIS, a Costa Rica asociacion, ASOCIACION FUNDO DE NATO ASIS, a Costa Rica asociacion,

Plaintiffs,

v.

HUMANE SOCIETY OF THE UNITED STATES, a corporation, HUMANE SOCIETY INTERNATIONAL, a corporation, WAYNE PACELLE, an individual, ANDREW ROWAN, an individual, ROGER KINDLER, an individual, and DOES 1 through 100; inclusive,

Defendants.

CASE NO. 07CV 2284 DMS (NLS)

Hon. Dana M. Sabraw

Action Filed: November 8, 2007

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND COMPLAINT TO JOIN PARTIES, TO ADD CAUSES OF ACTION, TO REMAND, FOR THE COURT TO REPORT FALSE FILING OF REMOVAL ACTION AND FOR ATTORNEY FEES AND COSTS**

**Special Briefing Schedule Ordered**

Date: February 15, 2008
Time: 1:30 p.m.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTIONS TO AMEND COMPLAINT TO JOIN PARTIES, TO ADD CAUSES OF ACTION, TO REMAND, FOR THE COURT TO REPORT FALSE FILING OF REMOVAL ACTION AND FOR ATTORNEY FEES AND COSTS</u>**

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

## I. INTRODUCTION

Local Civil Rule 7.1, requires that motions be accompanied by memoranda of points and authorities, and Federal Rules of Civil Procedure, Rule 7, requires that any request for an order from the court, "state with particularity the grounds for seeking the order." As set forth in detail below, plaintiffs' omnibus motion contains no separate points and authorities, does not set forth applicable statutory or case law authority in support of their requests and fails to make reasonably cognizable arguments that apply applicable law to the facts of this case. Nor do plaintiffs set forth any relevant facts to support their positions. As such, defendants and the Court are left to guess why each of their requests should be granted. Consequently, each of plaintiffs' motions should be denied.

## II. ARGUMENT

### A. PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT TO JOIN ADDITIONAL DEFENDANTS LACKS ANY STATUTORY BASIS, IS AN ATTEMPT TO CIRCUMVENT THE RULES AND MUST BE DENIED

28 U.S.C., Section 1447(e) provides that,

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

First, plaintiffs' cite no applicable statutory authority or case law in support of their motion. Motions must "state with particularity the grounds for seeking the order . . .." Federal Rules of Civil Procedure, Rule 7(b)(1)(B). As such, plaintiffs have made no cognizable argument as to why their request should be granted, and

the Motion should be denied on this basis alone.

Furthermore, plaintiffs entire argument regarding this Motion is a recitation of federal diversity/minimum contacts authority and a statement that, "[t]his honorable Court should consider the following when reviewing this motion vis. a vis. the Federal issue of 'diversity jurisdiction'." (Pltfs. Mot. 6:4-5.) A request to amend a complaint to join additional parties is not dependent upon diversity jurisdiction. Consequently, it appears that plaintiffs' only goal is to attempt to join additional parties to this action in order to defeat the Court's jurisdiction by eliminating complete diversity. This attempt fails for numerous reasons.

First, except for defendants' attorneys (addressed below), none of the individuals or corporate entities in the motion are residents of, domiciled in, or have their principle place of business in California. Second, all of the entities that are not individuals are merely offices or branches of the already-named corporate defendants whose place of incorporation and principal place of business are not in California. Plaintiffs make no recognizable challenge to the domicile or principal place of business of The Humane Society of the United States or the Humane Society International defendants. Maintaining an office or branch in a foreign state, while being incorporated and maintaining the principal place of business in another state, does not amount to citizenship and cannot defeat diversity. Furthermore, defendants The Humane Society of the United States and the Humane Society International have not asserted that they do not have minimum contacts sufficient to defend a lawsuit in California.

Additionally, the alleged misconduct of the law firm of Harrington, Foxx, Dubrow & Canter does not entitle plaintiffs' to add the firm as a defendant in this action. The alleged conduct did not arise from the same transaction or occurrence that forms the basis of plaintiffs' suit. Moreover, plaintiffs' allegations are more appropriately addressed by the Court in a properly drafted and filed Rule 11 Motion.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

Because plaintiffs' fail to cite any statutory basis for their request and because they are clearly attempting to add improper parties to destroy diversity and divest this Court of jurisdiction, their request should be denied. As such, defendants respectfully request that the Court deny this Motion in its entirety.

Alternatively, should the Court decide to allow plaintiffs to amend their Complaint to join additional parties, defendants respectfully request that the Court condition its permission upon plaintiffs' payment of defendants costs in responding to the amended complaint. The court, in General Signal Corp. v. MCI Telecommunications Corp. (9th Cir. 1995) 66 F.3d 1500, 1514, stated,

> Rule 15 does not explicitly permit the imposition of costs or sanctions by the district court. However, we have held that a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty. (Citations omitted.)

Plaintiffs' present Motions clearly show that plaintiffs' first Complaint is faulty. They are now seeking to add thirteen defendants, almost three times the number of original defendants and nine causes of action, twice the number of their original counts. They have not asserted that new facts have been uncovered or conducted any discovery that would put them in a more knowledgeable position than they were when they filed their original Complaint. As such, should the Court allow plaintiffs to amend their Complaint, it should require plaintiffs to pay the reasonable costs of defendants in responding to the amendment.

/ / /

/ / /

/ / /

/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**B. PLAINTIFFS REQUEST TO AMEND THEIR COMPLAINT TO ADD ADDITIONAL CAUSES OF ACTION DOES NOT MEET THE REQUIREMENT THAT DEFENDANTS BE GIVEN FAIR NOTICE OF PLAINTIFFS' CLAIMS AND AS SUCH, MUST BE DENIED**

While the Federal Rules require that allegations in a complaint be short and plain statements of a claim, it is not enough to simply allege that a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." Conley v. Gibson (1957) 355 U.S. 41, 47-48; Swierkiewicz v. Sorema N.A. (2002) 534 U.S. 506, 513.

In addition, a party seeking to amend must attach, in some form, a proposed amendment. In fact, at least one appellate court has upheld a district court's ruling that failure to As stated by the court in Spadafore v. Gardner (6th Cir. 2003) 330 F.3d 849, 853,

> . . . nor was a proposed amendment submitted in any form as required by Rule 15(a) of the Federal Rules of Civil Procedure. Without viewing the proposed amendment, it was impossible for the district court to determine whether leave to amend should have been granted.

Plaintiffs' Motion requests that the Court allow the addition of nine causes of action and lists the nine counts. Not only do the plaintiffs fail to attach any proposed pleading with the motion, but they set forth no facts of any kind that would give defendants "fair notice" of any of the claims being asserted against them.

Because plaintiffs' Motion is completely devoid of even basic facts that would support any of the proposed causes of action, it gives defendants no "fair notice" of the claims that would be asserted against them. Furthermore, because

plaintiffs failed to attach a proposed amendment, the Court will be unable to determine if an amendment would satisfy these basic pleading requirements. As such, allowing the plaintiffs to amend based on their current Motion would be a waste of the Court's time and resources. Consequently, defendants respectfully request that the Court deny plaintiffs' Motion in its entirety.

Alternatively, if the Court is inclined to allow plaintiffs to amend their Complaint, defendants respectfully request that the Court require plaintiffs to present a proposed amendment to the Court for evaluation before being permitted to proceed with its filing. Additionally, should the Court decide to allow plaintiffs to amend their Complaint to join additional causes of action, defendants respectfully request that the Court condition its permission upon plaintiffs' payment of defendants costs in responding to the amended complaint, pursuant to the argument set forth by defendants in Section A., above.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

## C. PLAINTIFFS HAVE FAILED TO ASSERT A DEFECT IN DEFENDANTS' REMOVAL, ATTACH A PROPOSED AMENDMENT OR SET FORTH FACTS THAT WOULD GIVE DEFENDANTS FAIR NOTICE OF THEIR CLAIMS, AND AS SUCH THEY HAVE NOT PRESENTED AN ARGUMENT THAT WOULD COMPEL THIS COURT TO REMAND THIS ACTION TO STATE COURT AND REGARDLESS, PLAINTIFFS' MOTION IS PREMATURE

Remand may be ordered either for lack of subject matter jurisdiction or for a defect in the removal procedure. (28 U.S.C., Section 1447(c); Buchner v. FDIC (5th Cir. 1993) 981 F.2d 816, 820.) A lack of subject matter jurisdiction includes a lack of diversity.

The issue of defective removal has not been raised by plaintiffs. Additionally, the Court accepted defendants' removal of this case from the San

Diego Superior Court as procedurally correct. As such, the Court has already deemed the removal procedurally sound. Consequently, plaintiff's only possible ground for challenging the removal by defendants is that the Court lacks diversity jurisdiction. As of the date of the filing of this Opposition, all plaintiffs and all defendants are of diverse citizenship or domicile and principal place of business. Consequently, as neither of the bases for remand is present, plaintiffs' Motion is completely without merit.

If the Court allows plaintiffs to amend their complaint to join parties or causes of action, defendants should, in turn, as a matter of standard procedure, be allowed to evaluate the amended complaint to determine whether it raises questions as to the lack of diversity of the parties and file a Rule 12 motion if appropriate. In any event, because complete diversity is currently present between all plaintiffs and all defendants, until plaintiffs are allowed to file, and do file, an amended complaint, this Motion is premature and as such, should be denied in its entirety by the Court.

## D. PLAINTIFF'S MOTION TO HAVE THIS COURT REPORT FALSE FILING OF REMOVAL TO THE UNITED STATES ATTORNEY GENERAL IS WITHOUT STATUTORY BASIS OR SUPPORTING FACTS AND SHOULD BE DENIED BY THE COURT

Plaintiffs cite no statutory authority upon which this Court could or should act. Nor do plaintiffs set forth anything more than factually unsupported and conclusory allegations that defendants and their attorneys acted improperly. Defendants and their attorneys respectfully request that this Court deny plaintiffs' statutorily unfounded and factually unsupported motion, or alternatively, rule on the Motion after examining the papers filed by defendants in response to plaintiffs' complaint which are currently before the Court.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**E. PLAINTIFFS' REQUEST FOR ATTORNEY FEES AND COSTS IS INAPPROPRIATE AND PROCEDURALLY INVALID, AND SHOULD BE DENIED BY THE COURT**

Federal Rules of Civil Procedure, Rule 11(c)(2), states that,

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).

Defendants and their attorneys submitted their Rule 12 motions to this Court with knowledge of, and full respect for, Rule 11(b). Plaintiffs fail to set forth which part of the Rule they allege that defendants and their attorneys violated and they have proffered no facts supporting their allegations. Finally, plaintiffs' Motion is made in conjunction with four other motions, a violation of the Rule. As such, defendants and their attorneys respectfully request that the Court deny plaintiffs' Motion for attorney fees and costs in its entirety.

///

///

///

///

///

///

///

///

///

///

///

///

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

## III. CONCLUSION

As set forth above, plaintiffs have failed to set forth any reasonable legal arguments or supporting facts that would entitle them to add parties, causes of action, or that would compel this Court to remand the case to the Superior Court. In addition, plaintiffs' claims of impropriety are completely without foundation. As such, defendants respectfully request that the Court deny each of plaintiffs' motions in their entirety. Alternatively, if the Court decides to allow plaintiffs to amend their Complaint, defendants respectfully request that the Court require plaintiffs to pay the reasonable costs incurred by defendants in responding to the amended complaint.

DATED: January 28, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: s/ Kevin R. Warren
DALE B. GOLDFARB
KEVIN R. WARREN
Attorneys for HUMANE SOCIETY OF THE UNITED STATES, HUMANE SOCIETY INTERNATIONAL, WAYNE PACELLE, ANDREW ROWAN, ROGER KINDLER

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On January 28, 2008, I served the foregoing document described as **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND COMPLAINT TO JOIN PARTIES, TO ADD CAUSES OF ACTION, TO REMAND, FOR THE COURT TO REPORT FALSE FILING OF REMOVAL ACTION AND FOR ATTORNEY FEES AND COSTS** on all interested parties in this action by electronically filing this document with the Court and also by mailing a paper copy to the following parties who do not appear to be registered with the court's Electronic system to the following parties:

Robert Hoad, Esq.
Robert Hoad, A Professional Law Corporation
21 Green Turtle Road
Coronado, CA 92118
Tel: (619) 575-1238
Fax: (619) 575-1238
E-mail: rhoad@earthlink.net
Attorney for Plaintiff

BY MAIL AS FOLLOWS:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

/ / /

/ / /

/ / /

/ / /

F:\CASE\HSUS.3162\PLEADINGS\Opp. P's Mot. to Remand, etc..wpd -10-

postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 28, 2008, at Los Angeles, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

s/Martha M. Suniga
MARTHA M. SUNIGA

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222