HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB, State Bar No. 65955
KEVIN R. WARREN, State Bar No. 242238
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone: (213) 489-3222
E-Mail: dgoldfarb@hfdclaw.com
        kwarren@hfdclaw.com

Attorneys for HUMANE SOCIETY OF THE
UNITED STATES, HUMANE SOCIETY
INTERNATIONAL, WAYNE PACELLE,
ANDREW ROWAN, ROGER KINDLER

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN ANNE HOAD, an individual, SCHOOL IN THE CLOUDS ASSISI, a California corporation, ASOCIACION ESCUELA EN LA NUBES ASIS, a Costa Rica asociacion, ASOCIACION FUNDO DE NATO ASIS, a Costa Rica asociacion,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HUMANE SOCIETY OF THE UNITED STATES, a corporation, HUMANE SOCIETY INTERNATIONAL, a corporation, WAYNE PACELLE, an individual, ANDREW ROWAN, an individual, ROGER KINDLER, an individual, and DOES 1 through 100; inclusive,<br><br>　　　　　Defendants. | CASE NO. 07CV 2284 DMS (NLS)<br><br>Hon. Dana M. Sabraw<br><br>Action Filed:　November 8, 2007<br><br>**REQUEST FOR ENTRY OF JUDGMENT IN A CIVIL CASE** |

TO THE CLERK OF THE COURT:

On February 5, 2008, the Court took under submission without oral argument, Defendants' Motion to Dismiss Plaintiffs' Complaint as well as Plaintiff's various Motions. The Court dismissed Plaintiffs' Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

1  Plaintiffs' Motion for Leave to Amend was granted as to plaintiffs' proposed
2  causes of action and denied as to their proposed additional parties.  Plaintiffs were
3  required by the Court to file an amended complaint, if any, on or before March 21,
4  2008.  Plaintiffs did not file an amended complaint by this date.
5  Wherefore, pursuant to the Court's Order of March 13, 2008[1], all Defendants
6  respectfully request that the Clerk of the Court enter judgment in their favor and
7  against all plaintiffs.

10 DATED:  March 25, 2008         HARRINGTON, FOXX, DUBROW & CANTER, LLP
                                  DALE B. GOLDFARB
11                                KEVIN R. WARREN

13                         By:    /s/ Kevin R. Warren
                                  KEVIN R. WARREN
14                                Attorneys for HUMANE SOCIETY OF THE
                                  UNITED STATES, HUMANE SOCIETY
15                                INTERNATIONAL, WAYNE PACELLE,
                                  ANDREW ROWAN, ROGER KINDLER

---

[1] A copy of the Court's 3/13/08 Order is attached hereto as Exhibit "A."

F:\CASE\HSUS.3162\PLEADINGS\Req. for Entry of Judg.wpd          -2-

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**EXHIBIT "A"**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN ANNE HOAD, et al.,<br><br>                        Plaintiffs,<br>  vs.<br><br>HUMANE SOCIETY OF THE UNITED STATES, et al.,<br><br>                        Defendants. | CASE NO. 07-CV-2284-DMS (NLS)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTIONS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS**<br><br>[Doc. 4, 5, 7, 10] |

      Plaintiffs' Complaint, removed because of diversity of the parties on December 5, 2007, alleges the following four claims: (1) Defamation; (2) Criminal Defamation pursuant to Costa Rica's Penal Code, Article 154; (3) Conspiracy to Defame; and (4) Temporary and Mandatory Injunctive Relief to Transfer Stolen Improved Real Property. All Defendants move to dismiss for (1) lack of subject matter jurisdiction over Plaintiffs' second and fourth causes of action and (2) failure to state any claims upon which relief can be granted. All Defendants also move to strike all four claims and Plaintiffs' prayer for punitive damages. Finally, Defendants Pacelle, Rowan, and Kindler move to dismiss for lack of personal jurisdiction. Plaintiffs responded to some of Defendants' arguments in the context of a motion for leave to amend the complaint to add thirteen additional defendants and nine additional claims. However, Plaintiffs filed no formal opposition. The motions were submitted without oral argument on February 5, 2008. Defendants' motion to dismiss for failure to state a claim is granted, rendering Defendants' remaining motions moot. Plaintiffs' motion is granted in part and denied in part.

# I.

# DISCUSSION

### A. Motions to dismiss

The first three claims for defamation arise out of statements made during the course of a lawsuit pending in Costa Rica. A portion of the allegedly defamatory statement is reproduced in the Complaint, but appears only in Spanish. Although Plaintiffs paraphrase the statement in English and translate several individual words, no translation of the statement as a whole appears. (Compl. ¶ 19). In making the statement, Defendants allegedly "misused and abused the court process of the country of Costa Rica in the pending case of Karin Anne Hoad, et al against Humane Society of the United States of America, Case Number: 04-00160-0815-AG." (Comp. ¶ 26). Plaintiffs further allege the statement caused Plaintiffs to suffer economic loss, "cruel and unjust hardship" and emotional distress. (Compl. ¶ 31, 32).

The first claim for civil defamation and the third claim for conspiracy to defame are barred by California's broad litigation privilege. "A privileged publication or broadcast is one made...in any...judicial proceeding." Cal. Civ. Code § 47(b)(2). "Publications made in the course of a judicial proceeding are *absolutely* privileged...even though they are made with actual malice. *Smith v. Hatch,* 271 Cal. App. 2d 39, 45 (1969) (emphasis in original). Although a privileged publication must be made to "achieve the objects of the litigation" and have some "reasonable relation to the action," the defamatory matter "need not be relevant, pertinent or material to any issue before the court, it only need have some connection or some relation to the judicial proceeding" to be privileged. *Id.* "Any doubt about whether the privilege applies is resolved in favor of applying it." *American Products Co., Inc., v. Law Offices of Geller, Stewart & Foley,* 134 Cal. App. 4th 1332, 1343 (2005).

The statement at issue in the instant case was made in the context of a judicial proceeding to "dissuade and influence the court to disfavor Plaintiff Karin Anne [Hoad]." (Compl ¶ 27). Accordingly, on the face of the Complaint, it is apparent that the statement was connected to the judicial proceeding and was made to achieve the objects of the litigation. It is therefore absolutely privileged. The first and third claims for defamation and conspiracy to defame are therefore dismissed.

The second claim for criminal defamation is disallowed because compensation for criminal

defamation is a remedy available, if at all, only under the penal laws of Costa Rica. (Compl. ¶ 37). California courts, and hence, federal courts sitting in diversity, do not enforce the penal laws of other states. *See, generally, James-Dickinson Farm Mortgage Co. v. Harry*, 273 U.S. 119, 125 (1927) ("[O]rdinarily, the courts of one government will not enforce the penal laws of another.") Therefore, the second claim is dismissed.

The fourth claim is for "Temporary and Mandatory Injunctive Relief to Transfer Stolen Improved Real Property." The only allegation related to this claim is, "Defendants, and each of them, made an open ended offer to transfer to [] Plaintiff Karin's 501[c][3], Plaintiff School in the Clouds Assisi, 170 improved acres, entitled in the name of Defendant HSUS paid for with Plaintiff Karin's special fund lodged with Defendant HSUS $150,000.00." (Compl. ¶ 40). This claim is also dismissed.

First, the allegations are insufficient to provide Defendants "fair notice of what the [Plaintiffs'] claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) *overruled on other grounds at Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968 (2007). The Complaint contains no allegation of actual theft or misappropriation of the property, and does not indicate where the property is located. Although pleadings are sufficient if they permit inferences to be drawn that elements of the claim exist, *Beanal v. Freeport-McMoran, Inc.* 197 F.3d 161, 164 (5th Cir. 1999), key facts that would permit Defendants to defend the claim are missing. For example, it is unclear whether Plaintiffs are alleging the existence of an oral contract or a written contract. The nature of the alleged theft is also ambiguous– i.e., whether there was an actual transfer and subsequent theft of land, or a complete failure to transfer land.

Second, Plaintiffs do not identify the property in question. Defendants appear to assume the Complaint references property located in Costa Rica. (Mot. (Doc. 4) at 15). If it does, the Court lacks jurisdiction to quiet title. *Sherrill v. McShan*, 356 F.2d 607, 610 (9th Cir. 1966) (A federal court sitting in diversity has jurisdiction over the subject matter of the controversy only if the land in question is in the state in which the court sits.) Even if the property is located in California, Defendants' apparent unawareness of that fact indicates the location of the property is an additional missing fact causing the Complaint to fall short of Rule 8's notice pleading standard.

///

**B.     Motion for Leave to Amend**

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Proc. 15(a). Rule 12 motions are not "responsive pleadings," and therefore filing such motions does not bar Plaintiffs from thereafter amending the Complaint once as a matter of right. *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130, n.3 (9th Cir. 2000). As no responsive pleading has been filed in this case, Plaintiffs' motion to amend for the purpose of adding additional claims is GRANTED.

However, the right to amend once as a matter of course does not apply to amendments adding new defendants. *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993); *See also Maynard v. Bonta*, 2003 U.S. Dist. LEXIS 16201 at *21 (C.D. Cal. 2003) (collecting cases). Instead, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). The Court declines to allow amendment to join Plaintiffs' proposed additional defendants.

First, the law firm of Harrington, Foxx, Dubrow & Cantor LLP, and related individuals (the "Law Firm Defendants") are not properly joined, since Plaintiffs' allegations against them arise out of a transaction wholly separate from the existing allegations in the Complaint. Joinder of defendants is permitted if a right to relief is asserted against them jointly "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. Proc. 20. The proposed claim against the Law Firm Defendants arises out of alleged impropriety in removing the Complaint, rather than out of the conduct underlying the Complaint itself. Therefore, joinder of the Law Firm Defendants is not permitted.

All other proposed additional Defendants are individual offices or officers of existing Defendants. Courts have declined to allow diversity-destroying joinder after removal when "it appears that complete relief can be obtained from the present defendants, if any relief is to be obtained at all, without the need to add any more defendants" and when "it appears that the primary motive in plaintiff's seeking to amend his complaint to add [the] new defendants is to destroy diversity." *Buttons v. National Broadcasting Co.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994). Here, as in *Buttons*,

Plaintiffs do not argue the new defendants are necessary to obtain greater or different relief. Indeed, Plaintiffs' only apparent purpose for adding these Defendants is to destroy diversity jurisdiction over the action.[1] Accordingly, in its discretion, the Court DENIES leave to add the additional defendants.

## II.

## CONCLUSION

For these reasons, Defendants' motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED. The Court therefore DENIES the remainder of Defendants' motions to dismiss as moot. Plaintiffs' motion for leave to amend is GRANTED as to the additional claims, but DENIED as to the additional defendants. Plaintiffs' request for attorney's fees, "motion for court to report false claim for removal" and all other outstanding motions and requests are DENIED.

Plaintiffs' amended complaint, if any, shall be filed on or before March 21, 2008. The Court further finds that an Early Neutral Evaluation may be beneficial at this stage of the litigation. Therefore, within five days of the filing of the amended complaint if any, the parties shall schedule an ENE to be heard thereafter according to the schedule of the Magistrate Judge.

**IT IS SO ORDERED.**

DATED: March 13, 2008

HON. DANA M. SABRAW
United States District Judge

---

[1] Immediately prior to listing the proposed additional defendants, Plaintiffs argue the Court should consider the list "when reviewing this motion vis. a vis. the Federal issue of 'diversity jurisdiction'" (Compl. at 6).