1  Robert Hoad, California Bar No. 063360
2  21 Green Turtle Road
   Coronado, California 92118
3  Telephone: (619) 575-1238
4  Voice Mail: (619) 575-1238
   Email: rhoad@earthlink.net
5
6                                    FILED
7                                APR 1 – 2008
8                          CLERK, U.S. DISTRICT COURT
                           SOUTHERN DISTRICT OF CALIFORNIA
9                          BY _____ DEPUTY

10        United States District Court for the Southern
11
12                     District of California
13
                    File Number: '07 CV 2284  DMS
14
15 Karin Anne Hoad, an individual;      )
   School in the Clouds Assisi, a        )
16 California corporation; Asociación    )
17 Escuela en las Nubes Asís, a Costa    )
   Rica asociación; Asociación Fundo     )
18 de Ñato Asís, a Costa Rica            )
19 asociación;                           )
                                         )
20                       Plaintiffs,     )
21                                       )
   v.                                    )          Notice of Appeal
22                                       )
23 Humane Society of the United States, )
   a corporation; Humane Society         )
24 International, a corporation; Wayne    )
25 Pacelle, an individual; Andrew        )
   Rowan, an individual; Roger Kindler, )
26 an individual; and DOES 1 through     )
27
28                      Page 1 of 3

1  100, inclusive;                                    )
                                                      )
2                              Defendants.  )
                                                      )
3  _____  )

4          Notice is hereby given that all Plaintiffs herein, and each of them in

5

6  the above named case, hereby appeal to the United States Court of Appeals

7  for the Ninth Circuit from Order* entered in this action by the United

8  States District Court for the Southern District of California on the 13th day

9

10  of March, 2008 "case closed":

11          (1) dismissing all active counts of Plaintiffs' Complaint, CASE NO.

12  37-2007-00081416-CU-DF-CTL, as a complex case under Rules

13

14  3,400-3,403 of the California Rules of Court, involving related

15  actions in Costa Rica, Central America, wrongfully removed by

16  Defendants from the San Diego, California Superior Court, in spite of

17

18  their knowledge of actual and "minimum contacts" with California

19  and/or Costa Rica; further,

20

21  (2) earlier the District Court "REJECTED" and thereby refused to file

22  Plaintiffs' attorney's timely motion to extend the time to intelligently

23

24  reply to Defendants' Motion to Dismiss by going to Costa Rica to

25  question the truthfulness of Defendants' statements, ("REJECTED"

26  Motion to be attached to initial brief); further,

27

28                                   Page 2 of 3

1

2

(3) the District Court, in its actions refused to acknowledge,

Plaintiffs' arguments for Remand, despite Plaintiffs' long list of

3

4

"minimum contacts" with San Diego County, California or the

5

country of Costa Rica; and,

6

7

(4) the District Court, refused to join "indispensable" party or parties.

8

9

(s)_____

10

Robert Hoad, Attorney for all Plaintiffs
Address:    21 Green Turtle Road

11

Coronado, CA 92118

12

*Order and Clerk's record attached hereto

13

14

Representation Statement attached

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARIN ANNE HOAD, et al., | CASE NO. 07-CV-2284-DMS (NLS) |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANT'S MOTIONS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS** |
| vs. | |
| HUMANE SOCIETY OF THE UNITED STATES, et al., | **[Doc. 4, 5, 7, 10]** |
| Defendants. | |

Plaintiffs' Complaint, removed because of diversity of the parties on December 5, 2007, alleges

the following four claims: (1) Defamation; (2) Criminal Defamation pursuant to Costa Rica's Penal

Code, Article 154; (3) Conspiracy to Defame; and (4) Temporary and Mandatory Injunctive Relief to

Transfer Stolen Improved Real Property. All Defendants move to dismiss for (1) lack of subject matter

jurisdiction over Plaintiffs' second and fourth causes of action and (2) failure to state any claims upon

which relief can be granted. All Defendants also move to strike all four claims and Plaintiffs' prayer

for punitive damages. Finally, Defendants Pacelle, Rowan, and Kindler move to dismiss for lack of

personal jurisdiction. Plaintiffs responded to some of Defendants' arguments in the context of a motion

for leave to amend the complaint to add thirteen additional defendants and nine additional claims.

However, Plaintiffs filed no formal opposition. The motions were submitted without oral argument

on February 5, 2008. Defendants' motion to dismiss for failure to state a claim is granted, rendering

Defendants' remaining motions moot. Plaintiffs' motion is granted in part and denied in part.

- 1 -

07CV2284

# I.

## DISCUSSION

### A.    Motions to dismiss

The first three claims for defamation arise out of statements made during the course of a lawsuit pending in Costa Rica. A portion of the allegedly defamatory statement is reproduced in the Complaint, but appears only in Spanish. Although Plaintiffs paraphrase the statement in English and translate several individual words, no translation of the statement as a whole appears. (Compl. ¶ 19). In making the statement, Defendants allegedly "misused and abused the court process of the country of Costa Rica in the pending case of Karin Anne Hoad, et al against Humane Society of the United States of America, Case Number: 04-00160-0815-AG." (Comp. ¶ 26). Plaintiffs further allege the statement caused Plaintiffs to suffer economic loss, "cruel and unjust hardship" and emotional distress. (Compl. ¶ 31, 32).

The first claim for civil defamation and the third claim for conspiracy to defame are barred by California's broad litigation privilege. "A privileged publication or broadcast is one made...in any...judicial proceeding." Cal. Civ. Code § 47(b)(2). "Publications made in the course of a judicial proceeding are *absolutely* privileged...even though they are made with actual malice. *Smith v. Hatch*, 271 Cal. App. 2d 39, 45 (1969) (emphasis in original). Although a privileged publication must be made to "achieve the objects of the litigation" and have some "reasonable relation to the action," the defamatory matter "need not be relevant, pertinent or material to any issue before the court, it only need have some connection or some relation to the judicial proceeding" to be privileged. *Id.* "Any doubt about whether the privilege applies is resolved in favor of applying it." *American Products Co., Inc., v. Law Offices of Geller, Stewart & Foley*, 134 Cal. App. 4th 1332, 1343 (2005).

The statement at issue in the instant case was made in the context of a judicial proceeding to "dissuade and influence the court to disfavor Plaintiff Karin Anne [Hoad]." (Compl ¶ 27). Accordingly, on the face of the Complaint, it is apparent that the statement was connected to the judicial proceeding and was made to achieve the objects of the litigation. It is therefore absolutely privileged. The first and third claims for defamation and conspiracy to defame are therefore dismissed.

The second claim for criminal defamation is disallowed because compensation for criminal

1  defamation is a remedy available, if at all, only under the penal laws of Costa Rica. (Compl. ¶ 37).

2  California courts, and hence, federal courts sitting in diversity, do not enforce the penal laws of other

3  states. *See, generally, James-Dickinson Farm Mortgage Co. v. Harry*, 273 U.S. 119, 125 (1927)

4  ("[O]rdinarily, the courts of one government will not enforce the penal laws of another.") Therefore,

5  the second claim is dismissed.

6          The fourth claim is for "Temporary and Mandatory Injunctive Relief to Transfer Stolen

7  Improved Real Property." The only allegation related to this claim is, "Defendants, and each of them,

8  made an open ended offer to transfer to [] Plaintiff Karin's 501[c][3], Plaintiff School in the Clouds

9  Assisi, 170 improved acres, entitled in the name of Defendant HSUS paid for with Plaintiff Karin's

10  special fund lodged with Defendant HSUS $150,000.00." (Compl. ¶ 40). This claim is also dismissed.

11          First, the allegations are insufficient to provide Defendants "fair notice of what the [Plaintiffs']

12  claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)

13  *overruled on other grounds at Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). The

14  Complaint contains no allegation of actual theft or misappropriation of the property, and does not

15  indicate where the property is located. Although pleadings are sufficient if they permit inferences to

16  be drawn that elements of the claim exist, *Beanal v. Freeport-McMoran, Inc.* 197 F.3d 161, 164 (5th

17  Cir. 1999), key facts that would permit Defendants to defend the claim are missing. For example, it

18  is unclear whether Plaintiffs are alleging the existence of an oral contract or a written contract. The

19  nature of the alleged theft is also ambiguous– i.e., whether there was an actual transfer and subsequent

20  theft of land, or a complete failure to transfer land.

21          Second, Plaintiffs do not identify the property in question. Defendants appear to assume the

22  Complaint references property located in Costa Rica. (Mot. (Doc. 4) at 15). If it does, the Court lacks

23  jurisdiction to quiet title. *Sherrill v. McShan*, 356 F.2d 607, 610 (9th Cir. 1966) (A federal court sitting

24  in diversity has jurisdiction over the subject matter of the controversy only if the land in question is

25  in the state in which the court sits.) Even if the property is located in California, Defendants' apparent

26  unawareness of that fact indicates the location of the property is an additional missing fact causing the

27  Complaint to fall short of Rule 8's notice pleading standard.

28  ///

**B.    Motion for Leave to Amend**

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Proc. 15(a). Rule 12 motions are not "responsive pleadings," and therefore filing such motions does not bar Plaintiffs from thereafter amending the Complaint once as a matter of right. *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130, n.3 (9th Cir. 2000). As no responsive pleading has been filed in this case, Plaintiffs' motion to amend for the purpose of adding additional claims is GRANTED.

However, the right to amend once as a matter of course does not apply to amendments adding new defendants. *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993); *See also Maynard v. Bonta*, 2003 U.S. Dist. LEXIS 16201 at *21 (C.D. Cal. 2003) (collecting cases). Instead, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). The Court declines to allow amendment to join Plaintiffs' proposed additional defendants.

First, the law firm of Harrington, Foxx, Dubrow & Cantor LLP, and related individuals (the "Law Firm Defendants") are not properly joined, since Plaintiffs' allegations against them arise out of a transaction wholly separate from the existing allegations in the Complaint. Joinder of defendants is permitted if a right to relief is asserted against them jointly "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. Proc. 20. The proposed claim against the Law Firm Defendants arises out of alleged impropriety in removing the Complaint, rather than out of the conduct underlying the Complaint itself. Therefore, joinder of the Law Firm Defendants is not permitted.

All other proposed additional Defendants are individual offices or officers of existing Defendants. Courts have declined to allow diversity-destroying joinder after removal when "it appears that complete relief can be obtained from the present defendants, if any relief is to be obtained at all, without the need to add any more defendants" and when "it appears that the primary motive in plaintiff's seeking to amend his complaint to add [the] new defendants is to destroy diversity." *Buttons v. National Broadcasting Co.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994). Here, as in *Buttons*,

-4-

07CV2284

1  Plaintiffs do not argue the new defendants are necessary to obtain greater or different relief. Indeed,

2  Plaintiffs' only apparent purpose for adding these Defendants is to destroy diversity jurisdiction over

3  the action.[1] Accordingly, in its discretion, the Court DENIES leave to add the additional defendants.

4                                        **II.**

5                                   **CONCLUSION**

6       For these reasons, Defendants' motion to dismiss the Complaint for failure to state a claim

7  pursuant to Rule 12(b)(6) is GRANTED. The Court therefore DENIES the remainder of Defendants'

8  motions to dismiss as moot. Plaintiffs' motion for leave to amend is GRANTED as to the additional

9  claims, but DENIED as to the additional defendants. Plaintiffs' request for attorney's fees, "motion

10 for court to report false claim for removal" and all other outstanding motions and requests are

11 DENIED.

12      Plaintiffs' amended complaint, if any, shall be filed on or before March 21, 2008. The Court

13 further finds that an Early Neutral Evaluation may be beneficial at this stage of the litigation.

14 Therefore, within five days of the filing of the amended complaint if any, the parties shall schedule an

15 ENE to be heard thereafter according to the schedule of the Magistrate Judge.

16

17 **IT IS SO ORDERED.**

18

19 DATED:  March 13, 2008

20                                          _____
21                                          HON. DANA M. SABRAW
                                            United States District Judge
22

23

24

25

26

27  _____

28  [1] Immediately prior to listing the proposed additional defendants, Plaintiffs argue the Court should consider the list "when reviewing this motion vis. a vis. the Federal issue of 'diversity jurisdiction'" (Compl. at 6).

- 5 -                                                    07CV2284

# Notice of Appeal Notification Form

**To:**    Clerk, U.S. Court of Appeals                    **Date:** 4/2/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:    Karin Anne Hoad, et al v. Humane Society of the United States , et al

U.S.D.C. No.:    07cv2284 DMS (NLS)                    U.S.D.C. Judge:    Dana M. Sabraw

Complaint/Indictment/Petition Filed:    Notice of Removal from Superior Court - Complaint

Appealed Order Entered:    3/13/2008

Notice of Appeal Filed:    4/1/2008

Court Reporter:    N|A

COA Status:    [ ] Granted in full/part (appeal only)        [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:    [X] Paid        [ ] Not Paid        [ ] No Fee Required

USA/GOVT. APPEAL:    [ ] Yes    [X] No

Date F/P granted (Show Date and Attach Copy of Order):    —

Was F/P Status Revoked?    [ ] Yes        [ ] No

Companion Case(s): (Please list consolidated cases, if applicable)    —

## Counsel Information

**Appellant Counsel:**                    **Appellee Counsel:**

Robert Hoad                              Kevin Richard Warren
                                         Harrington, Foxx, Dubrow and Canter

21 Green Turtle Road                     1055 West 7th Street
Coronado, CA 92118                       29th Floor
                                         Los Angeles, CA 90017

(619) 575-1238                           (213) 489-3222

Counsel Status:    [x] Retained        [ ] Appointed        [ ] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number:    n/a

Bail: _____

Custody: _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule.  (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order Granting Defendants Motion to Dismiss Complaint entered 3/13/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                           **L. Hammer**
_____                    _____

Deputy's Name                                          Deputy's Signature

## UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:     Clerk, U.S. Court of Appeals
        P.O. Box 193939
        San Francisco, CA 94119-3939

Re:     **USCA No:**
        **USDC No:**      **07cv2284 DMS (NLS)**
        **Hoad, et al v. Humane Society of the US, et al**
Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | |
|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | | |
| | Order for Time Schedule (Criminal) | | | |
| | Original Clerk's Record in | | set(s) of | volume(s). |
| | Reporter's transcript's transcripts in | | set(s) of | volume(s). |
| | Exhibits in | envelope(s) | box(es) | folders(s) |
| | Judgement Order | | | F/P Order |
| | CJA Form 20 | | | Minute Order |
| | Certificate of Record | | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | | |
| | COA Order | | | |
| | Amended docket fee notification form | | | |
| | Order Appointing Counsel for Appeal | | | |
| x | Order granting defendants motion entered 3/13/200, Representation Statement ( 2 Copies) | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date:      04/2/08                    By:_____**L. Hammer**_____
                                      Lauren Hammer, **Deputy**